Agreement is determined to be legally invalid or unenforceable, the validity of the remainder of the Change in Terms Agreement will not be affected and such provision will be deemed modified to the minimum extent necessary to make such provision consistent with applicable law and, in modified form, such provision will then be enforceable and enforced. Unless a condition specially states the contrary, all conditions in this Agreement are included solely for the benefit of Lender, and may be enforced or waived only, and unilaterally, by Lender. Obligor acknowledges and agrees that all loan fees and prepaid finance charges to which Lender is entitled under this Change in Terms Agreement, including but not limited to the increase fee associated with the Principal Increase and the minimum interest charge, are reasonable, are earned fully as of the date hereof, and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. This Change in Terms Agreement and the Loan Documents constitute the entire agreement between the parties concerning the subject matter therein, and this Change in Terms Agreement and the Loan Documents may not be modified except by a writing signed by the parties. Caption headings in this Change in Terms Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Change in Terms Agreement. This Change in Terms Agreement shall inure to the benefit of Lender, its successors and assigns, and be binding upon each of the parties' successors and assigns.

---

## VERIFICATION OF BENEFICIAL OWNERSHIP OF LEGAL ENTITY CUSTOMER

*This form may be used when there is an applicable <u>triggering event</u> that requires certification of beneficial owners and there have been **<u>no changes</u>** to the beneficial ownership certification form on file. If any of the information listed on the beneficial ownership certification has changed, a new certification must be completed and CIP information gathered for any new individuals listed.*

**CERTIFICATION:**

I, *<u>**Sean M. Walsh**</u>*, hereby certify, to the best of my knowledge, that the information provided on the **Certifications of Beneficial Ownership of Legal Entity Customers** dated *<u>**December 14, 2018**</u>* is correct and complete for the Legal Entity(ies) listed below:

*HyperBlock, LLC*
_____
**Name of Legal Entity(ies)**

**PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT. BORROWER AGREES TO THE TERMS OF THE AGREEMENT. THIS CHANGE IN TERMS AGREEMENT MAY BE EXECUTED IN ANY NUMBER OF COUNTERPARTS, INCLUDING BY ELECTRONIC MEANS, WHICH TOGETHER SHALL CONSTITUTE AND BE DEEMED AN ORIGINAL DOCUMENT.**

**BORROWER:**

**HYPERBLOCK, LLC**

**HYPERBLOCK, INC., Sole Member of HyperBlock, LLC**
**By:** _____
**Sean M. Walsh, Chief Executive Officer of HyperBlock, Inc.**

**GRANTOR:**

**BONNER PROPERTY DEVELOPMENT, LLC**
**By:** _____    **By:** _____
**Stephen K. Nelson, Co-Manager and Member of Bonner Property Development, LLC**    **Michael D. Boehme, Co-Manager and Member of Bonner Property Development, LLC**

**GUARANTOR:**

X _____
**Stephen K. Nelson**

X _____
**Michael D. Boehme**

**LENDER:**

**BANK OF MONTANA**
X _____
**Jacob T. Pelczar, Vice President**

EXHIBIT 27.(i)
PAGE 4

Agreement is determined to be legally invalid or unenforceable, the validity of the remainder of the Change in Terms Agreement will not be affected and such provision will be deemed modified to the minimum extent necessary to make such provision consistent with applicable law and, in its modified form, such provision will then be enforceable and enforced. Unless a condition specially states the contrary, all conditions in this Agreement are included solely for the benefit of Lender, and may be enforced or waived only, and unilaterally, by Lender. Obligor acknowledges and agrees that all loan fees and prepaid finance charges to which Lender is entitled under this Change in Terms Agreement, including but not limited to the increase fee associated with the Principal Increase and the minimum interest charge, are reasonable, are earned fully as of the date hereof, and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. This Change in Terms Agreement and the Loan Documents constitute the entire agreement between the parties concerning the subject matter therein, and this Change in Terms Agreement and the Loan Documents may not be modified except by a writing signed by the parties. Caption headings in this Change in Terms Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Change in Terms Agreement. This Change in Terms Agreement shall inure to the benefit of Lender, its successors and assigns, and be binding upon each of the parties' successors and assigns.

---

### VERIFICATION OF BENEFICIAL OWNERSHIP OF LEGAL ENTITY CUSTOMER

*This form may be used when there is an applicable <u>triggering event</u> that requires certification of beneficial owners and there have been* **<u>no changes</u>** *to the beneficial ownership certification form on file. If any of the information listed on the beneficial ownership certification has changed, a new certification must be completed and CIP information gathered for any new individuals listed.*

**CERTIFICATION:**

I, **<u>Sean M. Walsh</u>**, hereby certify, to the best of my knowledge, that the information provided on the **Certifications of Beneficial Ownership of Legal Entity Customers** dated **<u>December 14, 2018</u>** is correct and complete for the Legal Entity(ies) listed below:

*HyperBlock, LLC*
_____
**Name of Legal Entity(ies)**

---

PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT.   BORROWER AGREES TO THE TERMS OF THE AGREEMENT. THIS CHANGE IN TERMS AGREEMENT MAY BE EXECUTED IN ANY NUMBER OF COUNTERPARTS, INCLUDING BY ELECTRONIC MEANS, WHICH TOGETHER SHALL CONSTITUTE AND BE DEEMED AN ORIGINAL DOCUMENT.

**BORROWER:**

**HYPERBLOCK, LLC**

**HYPERBLOCK, INC., Sole Member of HyperBlock, LLC**
By: _____
**Sean M. Walsh, Chief Executive Officer of HyperBlock, Inc.**

**GRANTOR:**

**BONNER PROPERTY DEVELOPMENT, LLC**
By: _____
**Stephen K. Nelson, Co-Manager and Member of Bonner Property Development, LLC**

By: _____
**Michael D. Boehme, Co-Manager and Member of Bonner Property Development, LLC**

**GUARANTOR:**

X _____
**Stephen K. Nelson**

X _____
**Michael D. Boehme**

**LENDER:**

**BANK OF MONTANA**
X _____
**Jacob T. Pelczar, Vice President**

Agreement is determined to be legally invalid or unenforceable, the validity of the remainder of the Change in Terms Agreement will not be affected and such provision will be deemed modified to the minimum extent necessary to make such provision consistent with applicable law and, in its modified form, such provision will then be enforceable and enforced. Unless a condition specially states the contrary, all conditions in this Agreement are included solely for the benefit of Lender, and may be enforced or waived only, and unilaterally, by Lender. Obligor acknowledges and agrees that all loan fees and prepaid finance charges to which Lender is entitled under this Change in Terms Agreement, including but not limited to the increase fee associated with the Principal Increase and the minimum interest charge, are reasonable, are earned fully as of the date hereof, and will not be subject to refund upon early payment (whether voluntary or as a result of default), except as otherwise required by law. This Change in Terms Agreement and the Loan Documents constitute the entire agreement between the parties concerning the subject matter therein, and this Change in Terms Agreement and the Loan Documents may not be modified except by a writing signed by the parties. Caption headings in this Change in Terms Agreement are for convenience purposes only and are not to be used to interpret or define the provisions of this Change in Terms Agreement. This Change in Terms Agreement shall inure to the benefit of Lender, its successors and assigns, and be binding upon each of the parties' successors and assigns.

---

## VERIFICATION OF BENEFICIAL OWNERSHIP OF LEGAL ENTITY CUSTOMER

*This form may be used when there is an applicable <u>triggering event</u> that requires certification of beneficial owners and there have been **no changes** to the beneficial ownership certification form on file. If any of the information listed on the beneficial ownership certification has changed, a new certification must be completed and CIP information gathered for any new individuals listed.*

**CERTIFICATION:**

I, <u>**Sean M. Walsh**</u>, hereby certify, to the best of my knowledge, that the information provided on the **Certifications of Beneficial Ownership of Legal Entity Customers** dated <u>*December 14, 2018*</u> is correct and complete for the Legal Entity(ies) listed below:

*HyperBlock, LLC*
_____
**Name of Legal Entity(ies)**

---

PRIOR TO SIGNING THIS AGREEMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS AGREEMENT.  BORROWER AGREES TO THE TERMS OF THE AGREEMENT. THIS CHANGE IN TERMS AGREEMENT MAY BE EXECUTED IN ANY NUMBER OF COUNTERPARTS, INCLUDING BY ELECTRONIC MEANS, WHICH TOGETHER SHALL CONSTITUTE AND BE DEEMED AN ORIGINAL DOCUMENT.

**BORROWER:**

**HYPERBLOCK, LLC**

**HYPERBLOCK, INC., Sole Member of HyperBlock, LLC**
By: _____
Sean  M.  Walsh,  Chief  Executive  Officer  of
HyperBlock, Inc.

**GRANTOR:**

**BONNER PROPERTY DEVELOPMENT, LLC**
By: _____          By: _____
Stephen  K.  Nelson,  Co-Manager  and  Member  of          Michael  D.  Boehme,  Co-Manager  and  Member  of
Bonner Property Development, LLC          Bonner Property Development, LLC

**GUARANTOR:**

X _____
Stephen K. Nelson

X _____
Michael D. Boehme

**LENDER:**

**BANK OF MONTANA**
X _____
Jacob T. Pelczar, Vice President

EXHIBIT 27.(i)
PAGE 6

# Exhibit A

To secure the payment and performance of the Loan, the Borrower and Grantor has pledged or hereby pledges as collateral or has granted or hereby grants to the Lender a security interest in, inter alia, the Funds (as defined in this paragraph). The term "Funds" as used in this paragraph means any and all payments received by Grantor which are associated with all real property collateral pledged by Grantor to Lender as security for the Loan and any and all payments made by, or on behalf of Borrower as relating to any or all of the following: (i) any amounts deposited into the Locked Account (as defined below) that are ultimately intended to be deposited into collateral account #2014082 at Lender, or such other account at Lender as approved by Lender (all such accounts referred to herein as the "Collateral Account"). The Collateral Account is owned by Borrower. Promptly with any deposit to the Collateral Account, Grantor is to notify Lender, in writing, of the amount intended to be deposited into the Collateral Account, though Lender may also infer such amount in its discretion if an amount is not promptly provided (each amount that is ultimately intended to be deposited into the Collateral Account being referred to herein as the "Collateral Account Amount") ; (ii) the lease agreement, for the property commonly known as 9144 Bonner Mill Road, Bonner, MT 59823, between Borrower and Grantor; (iii) consideration being provided or paid to any guarantor of any or all of the Loan. Borrower agrees that all payments comprising the "Funds" will only be paid in U.S. dollars via ACH or wire. Borrower shall ensure, until the Loan is finally and fully paid, that any and all amounts comprising the Funds shall be paid entirely to account #2014637 at Lender, or such other deposit account at Lender as designated by Lender from time to time (all such accounts referred to herein as the "Locked Account"). Lender shall be the sole owner of the Locked Account, subject to the terms of this paragraph, for the benefit of Grantor. Once funds, including the Funds, are deposited into the Locked Account, Lender shall have no obligation to refund all or part of any such funds, and Lender may, in its discretion, comply with the terms of this paragraph without further approval from Borrower or Grantor and despite any objection from Borrower or Grantor. With the exception of depositing funds, regarding the Locked Account, Borrower and Grantor will not have any rights with regards to the Locked Account, including to withdraw or otherwise remove or reduce any funds therefrom. If no event of default has occurred, then the Funds (less the relevant Collateral Account Amount, which shall from time to time, at Lender's discretion, be transferred to the Collateral Account) shall from time to time, at Lender's discretion, be transferred by Lender from the Locked Account to an account designated by Grantor, or such other account at Lender as may be designated by Grantor from time to time (all such accounts shall be referred to herein as the "Grantor Account"). As of the date of this Change in Terms Agreement, Grantor is the owner of the Grantor Account. If any event of default relating to the Loan has occurred, then any funds, including the Funds, deposited into the Locked Account shall, at Lender's discretion, be applied and paid towards any amount of the Loan that is due and payable, including amounts being due and payable relating to the acceleration of the Loan due to an event of default, and then towards any other indebtedness owed by Borrower to Lender to the extent such indebtedness is due and payable, including amounts being due and payable relating to the acceleration of such indebtedness due to an event of default, and any remaining funds shall, from time to time, at Lender's discretion, be transferred by Lender from the Locked Account to the Grantor Account. Once the Loan is fully and finally paid, Lender shall transfer all remaining amounts from the Locked Account to the Grantor Account. In all instances it shall be Borrower's and Grantor's obligation to account for the application and use of funds being deposited into the Collateral Account and Grantor Account from the Locked Account, and Lender shall not be liable for determining any such amounts and may rely on the instructions of either Borrower or Grantor, at Lender's discretion, and all without inquiry or investigation. Notwithstanding any other provision of this paragraph, Borrower is still responsible for timely make all payments on the Loan and any other obligations relating to the amounts or items comprising the Funds, as well as to comply with the terms of this Change in Terms Agreement and all of the Related Documents. In addition to all other rights of Lender, all charges, penalties, fees, costs, expenses, losses, and reasonable attorney's fees incurred in connection with Lender's performance under this paragraph, this Change in Terms Agreement, and the Related Documents may be charged to any account of Borrower with Lender or the Locked Account prior to transfer to the Collateral Account or the Grantor Account. Notwithstanding anything to the contrary contained herein, it is understood and agreed that Lender will perform the services hereunder using reasonable care. Mere clerical error or inadvertence without malice or a mistake of judgment shall not constitute gross negligence, bad faith, or a failure to exercise reasonable care, or otherwise subject to Lender to any liability or relieve or reduce any obligation of Borrower or Grantor. Additionally, Lender shall not be liable for any failure or delay caused by circumstances beyond Lender's reasonable control, including but not limited to negligence or default of Borrower or Grantor, relying on information from any third-party, or resulting from Lender's reasonable belief that an action would violate any guideline, rule or regulation of any governmental authority. Except for Lender's gross negligence or intentional bad faith misconduct, each Obligor shall indemnify, defend, protect and hold Lender harmless from any and all claims, damages, and losses relating or connecting to this paragraph. If, as a result of Lender's gross negligence or intentional bad faith misconduct, Lender shall be liable as relating or connecting to this paragraph, such liability shall be limited in all instances to the lesser of the amount of the relevant transfer/deposit or the amount of direct losses by the damaged party that are solely attributable to Lender's gross negligence or intentional bad faith misconduct.  Without limiting any of the foregoing, IN NO EVENT SHALL LENDER BE LIABLE FOR ANY INDIRECT, SPECIAL, PUNITIVE, OR CONSEQUENTIAL DAMAGES OR LOSS OF PROFIT, NOTWITHSTANDING NOTICE OF THE POSSIBILITY OF SUCH DAMAGES OR LOSSES. The rights and remedies of this section are in addition to all other rights and remedies of the Lender, including the right of offset or to setoff, may be exercised in Lender's discretion, and shall not limit or delay any other right or remedy of Lender. Each Obligor agrees to take reasonable steps to ensure compliance with the terms of this paragraph. For purposes of clarity, and without limiting the overall application of such provisions to the terms of this Change in Terms Agreement or the Related Documents, all indemnification, hold harmless, and other protections of Lender granted herein or in any of the Related Documents are intended to, and shall also apply to Lender and Lender's conduct as relating to the actions or inactions contemplated by this paragraph.

| Guarantor: | Stephen K. Nelson | Lender: | Bank of Montana |
|---|---|---|---|
| | 733 Anglers Bend Way | | 125 Bank Street |
| | Missoula, MT 59802 | | Suite 100 |
| | | | Missoula, MT   59802 |

Guarantor:   Michael Boehme
             55 Brookside
             Missoula, MT 59802

Guarantor:

### Part I

**Notwithstanding any other part of this document, Part I of this document is not a legally binding agreement and does not amend or modify, or promise or require the amendment or modification, of any instrument or agreement. Capitalized words or terms not defined herein shall have the meaning as given the Business Loan Agreement relating to the Loan.**

Previously, based on the then existing facts and underwriting, Lender would have considered amortizing this Loan over a longer period of time. However, Borrower and Guarantor voluntarily elected to amortize the Loan over a short period relative to the underlying collateral type (improved real property). Based in part on the foregoing, Lender is willing, subject to the terms stated herein, to consider the following concession:

Guarantor may make a one-time request for the Loan payments to temporarily be interest-only for a period of six (6) consecutive months or until Maturity, whichever is less. Lender has no obligation to approve any such a request. Without limiting the foregoing, while Lender's determination to approve or deny such a request shall be made in Lender's sole and absolute discretion, some of the factors Lender may consider include the following:

- If Grantor has lost Borrower as a tenant under the lease for the real property commonly known as 9144 Bonner Mill Road, Bonner, MT 59823 (the "Lease");
- Grantor in good faith believes Borrower cannot or will not make payments as due under the Loan or Lease;
- The likelihood and/or actual full and punctual payment of the Indebtedness by Guarantor;
- If any other Loan Default(s) have occurred;
- If any adverse change in the financial condition of any Guarantor has occurred;
- If a change in payments would jeopardize Lender's current (as of the date of this Addendum) expectation of payment in full or remove or materially change any remedy of Lender.

### Part II

Part II of this document is a legally binding agreement but does not amend or modify, or promise or require the amendment or modification, of any instrument or agreement. This document supersedes any prior oral discussions, emails or texts regarding the subject matter herein. There are no oral or written promises or agreements of Lender regarding the subject matter of this document that are not stated herein. Lender reserves the right to deny Guarantor's request, as contemplated above, for any or no reason. There are no modifications or amendments to the Related Documents or any document relating to the Loan that have not been documented via a formal, written agreement signed by all of the relevant parties.

**LENDER:**

Bank of Montana

X _____
Jacob Pelczar, Vice-President

**GUARANTOR:**

X _____
Stephen K. Nelson

X _____
Michael D. Boehme

WHEN RECORDED MAIL TO:
    Bank of Montana
    125 Bank Street
    Suite 100
    Missoula, MT  59802

RECORDATION REQUESTED BY:
    Bank of Montana
    125 Bank Street
    Suite 100
    Missoula, MT  59802

SEND TAX NOTICES TO:
    Bonner Property Development,
    LLC
    224 N. Higgins Avenue
    Missoula, MT  59802

```
202000633  B:1024 P:663  Pages:4  Fee:$28.00
01/10/2020 02:56:55 PM  Modification Of Mortgage Or
Tyler R. Gernant, Missoula County Clerk & Recorder
```

**FOR RECORDER'S USE ONLY**

# MODIFICATION OF DEED OF TRUST

THIS **MODIFICATION OF DEED OF TRUST** dated January 10, 2020, is made and executed between Bonner Property Development, LLC (referred to below as "**Grantor**") and Bank of Montana, whose address is 125 Bank Street, Suite 100, Missoula, MT  59802 ("**Lender**"). Capitalized terms or phrases not defined herein shall have the meaning as set forth in the Deed of Trust (defined below).

**DEED OF TRUST.** Lender and Grantor have entered into a Deed of Trust dated December 14, 2018 (the "Deed of Trust") which has been recorded in Missoula County, State of Montana, as follows:

    **Recorded as document number 201822086 on December 18, 2018 at 3:05:34 PM with the Missoula County Clerk & Recorder in Book 1006, Page 1302.**

**REAL PROPERTY DESCRIPTION.** The Deed of Trust covers the following described real property located in Missoula County, State of Montana:

    Tract 25A, Certificate of Survey No. 06487; a Tract of land located in the East One-Half (E1/2) of Section 21 and the West One-Half (W1/2) of Section 22, Township 13 North, Range 18 West, P.M.M., Missoula County, Montana.

The Real Property or its address is commonly known as 9214 Bonner Mill Road, Bonner, MT 59823.

**MODIFICATION.** Lender and Grantor hereby modify the Deed of Trust as follows:

    **The total principal indebtedness that may be outstanding at any given time which is secured by this Deed of Trust is increased to $3,540,000.00. Further, other terms relating to the Note or Loan may have changed, all as set forth in that certain Change in Terms Agreement executed concurrently herewith (the "Change in Terms Agreement"). The principal amount of the Note, which comprises part of Indebtedness secured by the Deed of Trust, has been increased to $3,540,000.00. Without being limited by the foregoing, the Deed of Trust shall still secure the Note, as amended, and all obligations, debts, and liabilities, plus interest thereon, of Grantor to Lender, or any one or more of them, as well as all claims by Lender against Grantor or any one or more of them, whether now existing or hereafter arising, whether related or unrelated to the purpose of the Note, whether voluntary or otherwise, whether due or not due, direct or indirect, determined or undetermined, absolute or contingent, liquidated or unliquidated, whether Grantor may be liable individually or jointly with others, whether obligated as guarantor, surety, accommodation party or otherwise, and whether recovery upon such amounts may be or hereafter may become barred by any statute of limitations, and whether the obligation to repay such amounts may be or hereafter may become otherwise unenforceable.**

    **This increase and modification are not being done to delay or defraud any creditor of Grantor.**

**ASSIGNMENT OF RENTS AND ALL OTHER RECORDED DOCUMENTS.** In addition to the Deed of Trust, Lender and Grantor also entered into that certain Assignment of Rents (the "AOR") (**recorded as document number 201822087 on December 18, 2018 at 03:05:34 PM with the Missoula County Clerk & Recorder in Book 1006, Page 1303**). Lender and Grantor hereby modify the AOR and any other document recorded or connected to the loan referenced herein that have been recorded with the Missoula County Clerk & Recorder, to reflect the increase in the principal amount of the Note to **$3,540,000.00.**

**CONTINUING VALIDITY.** Except as expressly modified above and in that certain Change in Terms Agreement executed concurrently herewith, the terms of the Deed of Trust, the AOR, and the Related Documents shall remain unchanged and in full force and effect.  Consent by Lender to this Modification does

EXHIBIT 2 (of 2)
PAGE 2

not waive Lender's right to require strict performance of the Deed of Trust, the AOR, or any of the Related Documents, as amended, nor obligate Lender to make any future modifications.   Nothing in this Modification shall constitute a satisfaction or reduction of any obligation related to the Note, the Indebtedness, or other credit agreement related thereto or secured by the Deed of Trust, AOR, or any of the Related Documents. The "Note" shall have the meaning as given in the Deed of Trust, as modified herein and in that certain Change in Terms Agreement executed concurrently herewith. It is the intention of Lender to retain as liable all parties to the Deed of Trust, AOR, and Related Documents, all parties, makers and endorsers to the Note, including accommodation parties, unless a party is expressly released by Lender in writing.   Any maker or endorser, including accommodation makers, shall not be released by virtue of this Modification.   If any person who signed the original Deed of Trust, AOR, or Related Documents does not sign this Modification, then all persons signing below acknowledge that this Modification is given conditionally, based on the representation to Lender that the non-signing person consents to the changes and provisions of this Modification or otherwise will not be released by it (this condition is only for the benefit of Lender, may only be asserted by Lender, and may be asserted unilaterally by Lender). This Modification shall inure to the benefit of Lender, its successors and assigns, and be binding upon each of the parties' successors and assigns.

**[signatures on following page]**

Exhibit 2 (M)
PAGE 3

GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MODIFICATION OF DEED OF TRUST AND GRANTOR AGREES TO ITS TERMS.  THIS MODIFICATION OF DEED OF TRUST IS DATED JANUARY 10 , 2020.

GRANTOR:

BONNER PROPERTY DEVELOPMENT, LLC
By: _____
Stephen K. Nelson, Co-Manager and Member of Bonner Property Development, LLC

By: _____
Michael D. Boehme, Co-Manager and Member of Bonner Property Development, LLC

LENDER:

BANK OF MONTANA
X _____
Jacob T. Pelczar, Vice President

_____

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF __MT_____ )
                                          ) SS
COUNTY OF __Missoula_____ )

This record was acknowledged before me on ___Jan 10_____, 2020 by **Stephen K. Nelson, Co-Manager and Member of Bonner Property Development, LLC** ~~and Michael D. Boehme, Co-Manager and Member of Bonner Property Development, LLC~~.

_____
(Signature of notarial officer)

ALEXANDRA DRAYTON
Notary Public for the
State of Montana
**(Official stamp)** Residing at MISSOULA, MT
My Commission Expires
April 26, 2022

Asst VP
**Title of officer (if not shown in stamp)**

_____

## LENDER ACKNOWLEDGMENT

STATE OF __MT_____ )
                                          ) SS
COUNTY OF __Missoula_____ )

This record was acknowledged before me on __Jan 10_____, 20_20_ by **Jacob T. Pelczar** as **Vice President** of **Bank of Montana**.

_____
(Signature of notarial officer)

ALEXANDRA DRAYTON
Notary Public for the
State of Montana
Notarial **(Official stamp)** Residing at MISSOULA, MT
My Commission Expires
April 26, 2022

Asst VP
**Title of officer (if not shown in stamp)**

EXHIBIT 2 (8 of)
PAGE 4

GRANTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS MODIFICATION OF DEED OF TRUST AND GRANTOR AGREES TO ITS TERMS.  THIS MODIFICATION OF DEED OF TRUST IS DATED JANUARY 10, 2020.

GRANTOR:

BONNER PROPERTY DEVELOPMENT, LLC

By: _____
Stephen K. Nelson, Co-Manager and Member of Bonner Property Development, LLC

By: _____
Michael D. Boehme, Co-Manager and Member of Bonner Property Development, LLC

LENDER:

BANK OF MONTANA

X _____
Jacob T. Pelczar, Vice President

_____

## LIMITED LIABILITY COMPANY ACKNOWLEDGMENT

STATE OF ___ARIZONA___                                              )
                                                                   ) SS
COUNTY OF ___MARICOPA___                                           )

This record was acknowledged before me on ___JANUARY 8___, 20 20 by ~~Stephen K. Nelson, Co-Manager and Member of Bonner Property Development, LLC and~~ Michael D. Boehme, ~~Co-Manager and Member of Bonner~~ Property Development, LLC.

EDWARD J SIBIGA
Notary Public - Arizona
Maricopa County
Commission # 550316
My Comm. Expires Aug 1, 2022

_____
(Signature of notarial officer)

(Official stamp)

_____
Title of officer (if not shown in stamp)

_____

## LENDER ACKNOWLEDGMENT

STATE OF _____                          )
                                                                   ) SS
COUNTY OF _____                         )

This record was acknowledged before me on _____, 20_____ by Jacob T. Pelczar as Vice President of Bank of Montana.

_____
(Signature of notarial officer)

_____
Title of officer (if not shown in stamp)

(Official stamp)

**CERTIFIED EXTRACT OF**
**MINUTES OF A MEETING OF THE BOARD OF DIRECTORS OF**
**HYPERBLOCK INC. (THE "CORPORATION") HELD ON JANUARY 7, 2020**

"Mr. Spoehel invited Mr. Walsh to report to the Board on proposed amendments to the Business Loan Agreement entered into between Hyperblock LLC, as borrower, and Bank of Montana ("Lender"), as lender, effective as of December 14, 2018 pertaining to a loan to Hyperblock LLC in the maximum principal amount of $2,625,000 (the "Loan").

Mr. Walsh referred the Directors to the draft Change in Terms Agreement and related resolutions provided to the Directors in the advance of the Board meeting.

Mr. Walsh also summarized the material terms of the proposed amendments, namely that the parties to the Loan Agreement desire to modify the terms of the Loan and execute certain documents related to such modification including the Change in Terms Agreement and that some of the terms to be modified include, but are not limited to: (i) an increase in the principal amount of the Loan to approximately $3,540,000.00 (an increase of approximately $915,000.00); (ii) an extension to the Loan's Draw Period to July 1, 2020; and (iii) an extension of the Loan's maturity date to July 1, 2024.

The Directors had a discussion regarding the matter presented by Mr. Walsh.

**ON A MOTION DULY MADE, SECONDED AND APPROVED UNANIMOUSLY, IT WAS RESOLVED THAT:** Sean Walsh, in his capacity as Chief Executive Officer of the Corporation, may enter into any agreements of any nature with Lender, including on behalf of the Corporation as the sole member of HyperBlock, LLC, and those agreements will bind HyperBlock, LLC. Specifically, but without limitation, such authorized person is authorized, empowered, and directed to do the following for and on behalf of the Corporation:

1.      General Authority.  To take such other actions, including the negotiating of terms and provisions of any document or agreement, and execute and deliver such other documents as the person listed above may deem necessary or appropriate in order to carry out and perform the purposes of the following resolutions, with the taking of such action being evidence of the necessity of appropriateness thereof.

2.      Execute Documents.  As Member of HyperBlock, LLC, to execute and deliver to Lender the form of Limited Liability Company Resolution and other loan documents submitted by Lender, confirming the nature and existence of HyperBlock, LLC, including the Corporation's participation in HyperBlock, LLC as a Member, and evidencing the terms of the loan from Lender to HyperBlock, LLC.

3.      Authorize Officers.  To authorize other officers of the Corporation, from time to time, to act in his or her stead or as his or her successors on behalf of the Corporation as Member in HyperBlock, LLC. This includes but is not limited to Sean M. Walsh, in his capacity as Chief Executive Officer of the Corporation.

4.      Further Acts.  In the case of lines of credit, to designate additional or alternate officers of the Corporation as being authorized to request advances under such lines, and in all cases, to do and perform such other acts and things, to pay any and all fees and costs, and to execute and deliver such other documents and agreements, including agreements waiving the right to a trial by jury, as the officer may in his or her discretion

EXHIBIT 28.(i)
PAGE 2

2

deem reasonably necessary or proper in order to carry into effect the provisions of this Resolution."

\*      \*      \*      \*      \*

The undersigned each hereby certify in their capacity as Directors of the Corporation and not in their personal capacity and without personal liability, that the above minutes are an extract of the minutes of a duly held meeting of the directors of the Corporation, at which a quorum was present, held on the date hereof and that the resolutions approved in such minutes are in effect unamended as of the date hereof and are part of the corporate record of the Corporation. Bank of Montana may rely on, and continue to rely on short of actual knowledge to the contrary, this document and the authority granted hereunder or herein without further investigation or inquiry.

DATED January 8, 2020.

_____
Roozbeh Ebbadi - Director

_____
Ronald R. Spoehel - Director

_____
Sean Walsh - Director

# LIMITED LIABILITY COMPANY RESOLUTION TO BORROW / GRANT COLLATERAL / SUBORDINATE DEBT

| New Principal Amount | Loan Date | Mod. Date | New Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|---|
| $3,540,000.00 | 12-14-2018 | 01- -2020 | 07-01-2024 | 2018004200 | | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.

Any item above containing "***" has been omitted due to text length limitations.

**Company:**   HyperBlock, LLC
5619 DTC Parkway #475
Greenwood Village, CO   80111

**Lender:**   Bank of Montana
125 Bank Street
Suite 100
Missoula, MT   59802

---

**I, THE UNDERSIGNED, DO HEREBY CERTIFY AND AGREE THAT:**

**THE COMPANY'S EXISTENCE.**  The complete and correct name of the Company is HyperBlock, LLC ("Company").  The Company is a limited liability company which is, and at all times shall be, duly organized, validly existing, and in good standing under and by virtue of the laws of the State of Delaware. The Company is duly authorized to transact business in the State of Montana and all other states in which the Company is doing business, having obtained all necessary filings, governmental licenses and approvals for each state in which the Company is doing business.  Specifically, the Company is, and at all times shall be, duly qualified as a foreign limited liability company in all states in which the failure to so qualify would have a material adverse effect on its business or financial condition. The Company has the full power and authority to own its properties and to transact the business in which it is presently engaged or presently proposes to engage. The Company is managed by its sole member, which is HyperBlock, Inc. The limited liability company agreement of the Company, which is dated December 29, 2017 ("Operating Agreement"), and the Certificate of Formation filed on December 29, 2017, have not been amended or changed, except that the Company's sole member is now HyperBlock, Inc. as set forth in those certain Articles of Arrangement and Plan of Arrangement attached thereto, filed July 10, 2018 with the Ontario Ministry of Government and Consumer Services. The Company maintains its principal office at 5619 DTC Parkway #475, Greenwood Village, CO   80111.  Unless the Company has designated otherwise in writing, the principal office is the office at which the Company keeps its books and records including its records concerning the Collateral. The Company will notify Lender prior to any change in the location of the Company's state of organization or any change in the Company's name. The Company shall do all things necessary to preserve and to keep in full force and effect its existence, rights and privileges, and shall comply with all regulations, rules, ordinances, statutes, orders and decrees of any governmental or quasi-governmental authority or court applicable to the Company and the Company's business activities. The member waives any right or restriction, including but not limited to any right or restriction in the Operating Agreement or Certificate of Formation of the Company, or any other agreement to which the Company or any of the undersigned is a party that would preclude, interfere or restrict the transaction(s) or any action as contemplated by the following resolutions or the documents contemplated thereby or therein. Any matter relating to the governance of the Company that is inconsistent or in contradiction with the matters set forth herein are hereby amended or modified to make the matters set forth herein factually and legally correct. This Limited Liability Company Resolution to Borrow / Grant Collateral / Subordinate Debt is dated January 10, 2020.

**LOAN.**  On or about December 14, 2018, the Company entered into that certain Loan from Lender in the principal amount of $2,625,000 (as it may from time to time be amended, modified, extended, renewed, and/or refinanced, the "Loan"). As of January 10, 2020, the outstanding balance of the Loan was $0.00. The parties now desire to modify the terms of the Loan and execute certain documents related to such modification including that certain Change in Terms Agreement related thereto (the "Change in Terms Agreement"). Some of the terms to be modified include, but are not limited to:

1. Increase the principal amount of the Loan to approximately $3,540,000.00 (an increase of approximately $915,000.00);

2. Pay an origination fee of $36,000.00 and other fees and costs to Lender;

3. Extend the Loan's Draw Period to July 1, 2020;

4. Extend the Loan's Maturity date to July 1, 2024; and

**RESOLUTIONS ADOPTED.**  At a meeting of the member of the Company, duly called and held on **January 10, 2020**, at which a quorum was present and voting, or by other duly authorized action in lieu of a meeting (including this document), the resolutions set forth in this Resolution were and are adopted and approved by all required parties.

**MEMBER.**  The following named entity is the sole member of HyperBlock, LLC:

| NAMES | TITLES | AUTHORIZED | ACTUAL SIGNATURES |
|---|---|---|---|
| HyperBlock, Inc. | Member | Y | HyperBlock, Inc., an Ontario, Canada corporation |

By: _(signature)_
Sean M. Walsh,
Its Chief Executive Officer

**ACTIONS AUTHORIZED.**  The authorized entity listed above may enter into any agreements of any nature with Lender, and those agreements will bind the Company.  Specifically, but without limitation, the authorized entity is authorized, empowered, and directed to do the following for and on behalf of the Company:

**General Authority.**   To take such other actions, including the negotiating of terms and provisions of any document or agreement, and execute and deliver such other documents as the authorized entity listed above may deem necessary or appropriate in order to carry out and perform the purposes of the following resolutions, with the taking of such action being evidence of the necessity or appropriateness thereof.

**Execute Change in Terms Agreement.**   To execute and deliver to Lender the Change in Terms Agreement and such other agreements and financing statements which Lender may require and which shall evidence the terms and conditions to which the parties have agreed related to the Loan.

**Borrow Money.**   To borrow an additional $915,000.00, as a cosigner or otherwise, from time to time from Lender as contemplated under the terms of that certain Change in Terms Agreement, promissory note, and other related documents, as well as such other amounts, on such terms as may be agreed upon between the Company and Lender.

**Execute Notes.**   To execute and deliver to Lender the promissory note or notes, or other evidence of the Company's credit accommodations, on Lender's forms, at such rates of interest and on such terms as may be agreed upon, evidencing the sums of money so borrowed or any of the Company's indebtedness to Lender, and also to execute and deliver to Lender one or more renewals, extensions, modifications, refinancings, consolidations, or substitutions for one or more of the notes, any portion of the notes, or any other evidence of credit accommodations.

**Grant Security.**   To mortgage, pledge, transfer, endorse, hypothecate, or otherwise encumber and deliver to Lender any property now or hereafter belonging to the Company or in which the Company now or hereafter may have an interest, including without limitation all of the Company's real property and all of the Company's personal property (tangible or intangible), as security for the payment of any loans or credit accommodations so obtained, any promissory notes so executed (including any amendments to or modifications, renewals, and extensions of such promissory notes), or any other or further indebtedness of the Company to Lender at any time owing, however the same may be evidenced.   Such property may be mortgaged, pledged, transferred, endorsed, hypothecated or encumbered at the time such loans are obtained or such indebtedness is incurred, or at any other time or times, and may be either in addition to or in lieu of any property theretofore mortgaged, pledged, transferred, endorsed, hypothecated or encumbered.

**Execute Security Documents.**   To execute and deliver to Lender the forms of mortgage, deed of trust, pledge agreement, hypothecation agreement, and other security agreements and financing statements which Lender may require and which shall evidence the terms and conditions under and pursuant to which such liens and encumbrances, or any of them, are given; and also to execute and deliver to Lender any other written instruments, any chattel paper, or any other collateral, of any kind or nature, which Lender may deem necessary or proper in connection with or pertaining to the giving of the liens and encumbrances.

**Subordination.**   To subordinate, in all respects, any and all present and future indebtedness, obligations, liabilities, claims, rights, and demands of any kind which may be owed, now or hereafter, from any person or entity to the Company to all present and future indebtedness, obligations, liabilities, claims, rights, and demands of any kind which may be owed, now or hereafter, from such person or entity to Lender ("Subordinated Indebtedness"), together with subordination by the Company of any and all security interests of any kind, whether now existing or hereafter acquired, securing payment or performance of the Subordinated Indebtedness; all on such subordination terms as may be agreed upon between the Company's member and Lender and in such amounts as in its judgment should be subordinated.

**Negotiate Items.**   To draw, endorse, and discount with Lender all drafts, trade acceptances, promissory notes, or other evidences of indebtedness payable to or belonging to the Company or in which the Company may have an interest, and either to receive cash for the same or to cause such proceeds to be credited to the Company's account with Lender, or to cause such other disposition of the proceeds derived therefrom as it may deem advisable.

**Further Acts.**   In the case of lines of credit, to designate additional or alternate individuals as being authorized to request advances under such lines, and in all cases, to do and perform such other acts and things, to pay any and all fees and costs, and to execute and deliver such other documents and agreements, **including agreements waiving the right to a trial by jury,** as the member may in its discretion deem reasonably necessary or proper in order to carry into effect the provisions of this Resolution.

**ASSUMED BUSINESS NAMES.**   The Company has filed or recorded all documents or filings required by law relating to all assumed business names used by the Company.   Excluding the name of the Company, the following is a complete list of all assumed business names under which the Company does business:   **None.**

**NOTICES TO LENDER.**   The Company will promptly notify Lender in writing at Lender's address shown above (or such other addresses as Lender may designate from time to time) prior to any  (A)  change in the Company's name;  (B)  change in the Company's assumed business name(s);  (C) change in the management or in the members of the Company;  (D)  change in the authorized signer(s);  (E)  change in the Company's principal office address;  (F)  change in the Company's state of organization;  (G)  conversion of the Company to a new or different type of business entity; or (H)  change in any other aspect of the Company that directly or indirectly relates to any agreements between the Company and Lender.   No change in the Company's name or state of organization will take effect until after Lender has received notice.

**CERTIFICATION CONCERNING MEMBERS AND RESOLUTIONS.**   The member named above is duly elected, appointed, or employed by or for the Company, as the case may be, and occupies the position set opposite its respective name.   This Resolution now stands of record on the books of the Company, is in full force and effect, and has not been modified or revoked in any manner whatsoever.

**CONTINUING VALIDITY.**   Any and all acts authorized pursuant to this Resolution and performed prior to the passage of this Resolution are hereby ratified and approved.   This Resolution shall be continuing, shall remain in full force and effect and Lender may rely on it until written notice of its revocation shall have been delivered to and received by Lender at Lender's address shown above (or such addresses as Lender may designate from time to time).   Any such notice shall not affect any of the Company's agreements or commitments in effect at the time notice is given. The undersigned represents and warrants that their approval, as evidenced by this Resolution, is sufficient without any other approvals or actions (unless such approvals and actions have been properly and duly obtained) to authorize all actions contemplated by the foregoing Resolutions.

**[Signature Page Follows]**

EXHIBIT 28.(ii)
PAGE 3

SIGNATURE PAGE TO

LIMITED LIABILITY COMPANY RESOLUTION TO BORROW/GRANT COLLATERAL/SUBORDINATE DEBT

I have read all the provisions of this Resolution, and I personally and on behalf of the Company certify that all statements and representations made in this Resolution are true and correct.

THIS RESOLUTION IS DELIVERED UNDER SEAL AND IT IS INTENDED THAT THIS RESOLUTION IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

IN TESTIMONY WHEREOF, I have hereunto set my hand and attest that the signature set opposite the name listed above is its genuine signature.

CERTIFIED TO AND ATTESTED BY:

HyperBlock, LLC,
a Delaware limited liability company

By its Member: HyperBlock, Inc.,
an Ontario, Canada Corporation

By: _____
      Sean M. Walsh,
      Chief Executive Officer of HyperBlock, Inc.

EXHIBIT 28.(iii)
PAGE 1

# RESOLUTION OF CORPORATE LLC MEMBER

| New Principal Amount | Loan Date | Mod. Date | New Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|---|
| $3,540,000.00 | 12-14-2018 | 01- -2020 | 07-01-2024 | 2018004200 | | | *** | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.

Any item above containing "****" has been omitted due to text length limitations.

**Borrower:** HyperBlock, LLC
5619 DTC Parkway #475
Greenwood Village, CO  80111

**Lender:** Bank of Montana
125 Bank Street
Suite 100
Missoula, MT  59802

**Corporation:** HyperBlock, Inc.
388 Carlaw Avenue, Suite 300
Toronto, ON  M4M 2T4

**WE, THE UNDERSIGNED, DO HEREBY CERTIFY AND AGREE THAT:**

**THE CORPORATION'S EXISTENCE.** The complete and correct name of the Corporation is HyperBlock, Inc. ("Corporation"). The Corporation is a corporation for profit which is, and at all times shall be, duly organized, validly existing, and in good standing under and by virtue of the laws of the Province of Ontario. The Corporation is duly authorized to transact business in the United States, the State of Montana, and all other states in which the Corporation is doing business, having obtained all necessary filings, governmental licenses and approvals for each state in which the Corporation is doing business. Specifically, the Corporation is, and at all times shall be, duly qualified as a foreign corporation in all states and countries in which the failure to so qualify would have a material adverse effect on its business or financial condition. The Corporation has the full power and authority to own its properties and to transact the business in which it is presently engaged or presently proposes to engage. Roozbeh Ebbadi, Ronald R. Spoehel, and Sean M. Walsh are the sole directors of the Corporation, or together constitute a quorum of the board with the authority to grant the authority contemplated herein. The Articles of Arrangement and Plan of Arrangement attached thereto, filed July 10, 2018, amalgamated HyperBlock Technologies Corp. and Cryptoglobal Corp. into the Corporation and such documents have not been amended or changed. The bylaws of the Corporation have not been amended or changed. The Corporation maintains an office at 388 Carlaw Avenue, Suite 300, Toronto, ON  M4M 2T4.  Unless the Corporation has designated otherwise in writing, this is the principal office at which the Corporation keeps its books and records. The Corporation will notify Lender prior to any change in the location of the Corporation's state of organization, or any change in the Corporation's name. The Corporation shall do all things necessary to preserve and to keep in full force and effect its existence, rights and privileges, and shall comply with all regulations, rules, ordinances, statutes, orders and decrees of any governmental or quasi-governmental authority or court applicable to the Corporation and the Corporation's business activities. No right or restriction, including but not limited to any right or restriction in the bylaws and articles of arrangement of the Corporation, or any other agreement to which the Corporation or any of the undersigned is a party that would preclude, interfere or restrict the transaction(s) or any action as contemplated by the following or foregoing resolutions or the documents contemplated thereby or therein. Any matter relating to the governance of the Corporation that is inconsistent or in contradiction with the matters set forth herein is hereby (or has otherwise been) amended or modified to make the matters set forth herein factually and legally correct. This Resolution of Corporate LLC Member is dated January 10, 2020.

**RELATIONSHIP TO BORROWER AND GRANTOR.** The Corporation is the sole member of the HyperBlock, LLC.  **HyperBlock, LLC** has applied or will be applying to **Bank of Montana ("Lender")** to modify the terms of that certain loan from Lender currently in the original principal amount of $2,625,000 (the "Loan") to borrow approximately $915,000.00 in additional funds for a total Loan amount of approximately $3,540,000.00, to execute certain documents related to such modification including that certain Change in Terms Agreement related thereto (the "Change in Terms Agreement"). The Corporation has considered the value of **HyperBlock, LLC** obtaining the financial accommodations described above and granting the collateral.

**LOAN.** On or about December 14, 2018, the HyperBlock, LLC entered into the Loan. As of January 10, 2020, the outstanding balance of the Loan was $0.00. The parties now desire to modify the terms of the Loan and execute certain documents related to such modification including the Change in Terms Agreement. Some of the terms to be modified include, but are not limited to:

1. An increase in the principal amount of the Loan to approximately $3,540,000.00 (an increase of approximately $915,000.00);

2. Extend the Loan's Draw Period to July 1, 2020;

3. Extend the Loan's Maturity date to July 1, 2024; and

**AUTHORIZATION TO BE A MEMBER.** The Corporation is authorized to be and become a Member in the Limited Liability Company named **HyperBlock, LLC**, whose office is at 5619 DTC Parkway #475, Greenwood Village, CO  80111.

**RESOLUTIONS ADOPTED.** At a meeting of the Directors of the Corporation, duly called and held on **January 10, 2020**, at which a quorum was present and voting, or by other duly authorized action in lieu of a meeting (including this document), the resolutions set forth in this Resolution were and are adopted.

**OFFICER.** The following named person is an officer of HyperBlock, Inc.:

| NAMES | TITLES | AUTHORIZED | ACTUAL SIGNATURES |
|---|---|---|---|
| Sean M. Walsh | Chief Executive Officer | Y | X _____ |

**ACTIONS AUTHORIZED.** The authorized person listed above may enter into any agreements of any nature with Lender, including on behalf of the

Corporation as the sole member of HyperBlock, LLC, and those agreements will bind the Corporation. Specifically, but without limitation, the authorized person is authorized, empowered, and directed to do the following for and on behalf of the Corporation:

**General Authority.** To take such other actions, including the negotiating of terms and provisions of any document or agreement, and execute and deliver such other documents as the persons listed above may deem necessary or appropriate in order to carry out and perform the purposes of the following resolutions, with the taking of such action being evidence of the necessity of appropriateness thereof.

**Execute Documents.** As Member of HyperBlock, LLC, to execute and deliver to Lender the form of Limited Liability Company Resolution and other loan documents submitted by Lender, confirming the nature and existence of HyperBlock, LLC, including the Corporation's participation in HyperBlock, LLC as a Member, and evidencing the terms of the loan from Lender to HyperBlock, LLC.

**Authorize Officers.** To authorize other officers or employees of the Corporation, from time to time, to act in his or her stead or as his or her successors on behalf of the Corporation as Member in HyperBlock, LLC. This includes but is not limited to Sean M. Walsh, in his capacity as Chief Executive Officer of the Corporation.

**Further Acts.** In the case of lines of credit, to designate additional or alternate individuals as being authorized to request advances under such lines, and in all cases, to do and perform such other acts and things, to pay any and all fees and costs, and to execute and deliver such other documents and agreements, **including agreements waiving the right to a trial by jury,** as the officer may in his or her discretion deem reasonably necessary or proper in order to carry into effect the provisions of this Resolution.

**NOTICES TO LENDER.** The Corporation will promptly notify Lender in writing at Lender's address shown above (or such other addresses as Lender may designate from time to time) prior to any (A) change in the Corporation's name; (B) change in the Corporation's assumed business name(s); (C) change in the management of the Corporation; (D) change in the authorized signer(s); (E) change in the Corporation's principal office address; (F) change in the Corporation's state of organization; (G) conversion of the Corporation to a new or different type of business entity; or (H) change in any other aspect of the Corporation that directly or indirectly relates to any agreements between the Corporation and Lender. No change in the Corporation's name or state of organization will take effect until after Lender has received notice.

**PARTICIPATION AUTHORIZED.** The Corporation's participation in HyperBlock, LLC as a Member and the execution, delivery, and performance of the documents described herein have been duly authorized by all necessary action by the Corporation and do not conflict with, result in a violation of, or constitute a default under (A) any provision of its articles of arrangement, bylaws, or any agreement or other instrument binding upon the Corporation or (B) any law, governmental regulation, court decree, or order applicable to the Corporation.

**CERTIFICATION CONCERNING OFFICERS AND RESOLUTIONS.** The officer named above is duly elected, appointed, or employed by or for the Corporation, as the case may be, and occupies the position set opposite his or her respective name. This Resolution now stands of record on the books of the Corporation, is in full force and effect, and has not been modified or revoked in any manner whatsoever.

**NO CORPORATE SEAL.** The Corporation has no corporate seal, and therefore, no seal is affixed to this Resolution.

**CONTINUING VALIDITY.** Any and all acts authorized pursuant to this Resolution and performed prior to the passage of this Resolution are hereby ratified and approved. This Resolution shall be continuing, shall remain in full force and effect and Lender may rely on it until written notice of its revocation shall have been delivered to and received by Lender at Lender's address shown above (or such addresses as Lender may designate from time to time). Any such notice shall not affect any of the Corporation's agreements or commitments in effect at the time notice is given. The undersigned represents and warrants that their approval, as evidenced by this Resolution, is sufficient without any other approvals or actions (unless such approvals and actions have been properly and duly obtained) to authorize all actions contemplated by the foregoing Resolutions.

**[Signature Page Follows]**

EXHIBIT 28.(iii)
PAGE 3

**COUNTERPART SIGNATURE PAGE TO
RESOLUTION OF CORPORATE LLC MEMBER**

IN TESTIMONY WHEREOF, I have hereunto set my hand and attest that the signature set opposite the name listed above is his or her genuine signature.

I have read all the provisions of this Resolution, and I on behalf of the Corporation certify that all statements and representations made in this Resolution are true and correct.

CERTIFIED TO AND ATTESTED BY:

X _____

Sean Walsh, as Chief Executive Officer of the Corporation

LaserPro, Ver. 19.2.0.042  Copr. Finastra USA Corporation 1997, 2019.  All Rights Reserved.  - MT  L:\CFI\LPL\C17.FC  TR-1284  PR-4 (M)

EXHIBIT 29.
PAGE 1

## Jill Broughton

**From:** Big Sky Mobile Catering <bsmcorpmt@gmail.com>
**Sent:** Sunday, May 31, 2020 5:17 PM
**To:** Kassy Buss; David Bjornson
**Subject:** FW: Your confirmation for your OUTGOING FX WIRE

---

**From:** Jake Pelczar [mailto:jpelczar@bankofmt.com]
**Sent:** Friday, January 10, 2020 2:06 PM
**To:** Dan Stivers <dan@hyperblock.co>; Inder Saini <inder@hyperblock.co>; Sean Walsh <sean@hyperblock.co>; Steve Nelson <bsmcorpmt@gmail.com>; Kristen Martin <kristen@hyperblock.co>; Hisham Alwafai <hisham@hyperblock.co>; Jason Vaughan <jason@hyperblock.co>
**Cc:** BOM-Loans <loans@bankofmt.com>; BOM-Operations <operations@bankofmt.com>
**Subject:** FW: Your confirmation for your OUTGOING FX WIRE

Hi Dan and HyperBlock Team,

The Bitmain wire confirmation is below. We've also moved the $250,487.87 into the Project Spokane operating account. Thanks for everyone's hard work!

Talk soon,

Jake

**Jacob T. Pelczar**
Vice President
Phone: 406.829.2662  /  Fax: 406.829.2355
Bank of Montana
125 Bank Street, Suite 100
Missoula, MT 59802
NMLS: 944575

*The information contained in this message is proprietary and/or confidential.*
*If you are not the intended recipient, please: (i) delete the message and all copies;*
*(ii) do not disclose, distribute or use the message in any manner; and (iii) notify*
*the sender immediately. In addition, please be aware that any message addressed*
*to our domain is subject to archiving and review by persons other than the intended*
*recipient. Thank you.*

---

**From:** operations@bankofmt.com <operations@bankofmt.com>
**Sent:** Friday, January 10, 2020 1:38 PM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Subject:** Your confirmation for your OUTGOING FX WIRE

# BANK OF MONTANA

### 125 Bank Street • Missoula, MT 59802

## INTERNATIONAL WIRE TRANSFER NOTICE

EXHIBIT 29.
PAGE 2

*for* HYPERBLOCK, LLC

| | |
|---|---|
| Date Posted | 01/10/2020 |
| Date Entered | 01/10/2020 |
| Processing Reference No. | 1192667 2241608963 |
| Swift UETR | 81496f1b-d94b-424c-b4bd-0bfd9e9bdb83 |
| Amount (USD) | 751,478.60 |
| Foreign Amount | 751,478.60 USD |

| Beneficiary |
|---|
| Bitmaintech Pte. Ltd. |
| 8 Kallang Avenue |
| Aperia Tower 1, #09-03/04 |
| SINGAPORE |

| Beneficiary Bank |
|---|
| STANDARD CHARTERED BANK (CHINA) LIMITED |
| 11/F Tower 1, Kingkey 100 |
| Building, No. 5016 |
| Shennan East Road, Luohu District |
| SHENZHEN Guangdong |
| CHINA |

| | |
|---|---|
| **From:** | Big Sky Mobile Catering |
| **To:** | Kassy Buss; David Bjornson |
| **Subject:** | FW: FW: Your confirmation for your OUTGOING FX WIRE |
| **Date:** | Sunday, May 31, 2020 5:20:51 PM |
| **Attachments:** | image001.jpg |

**From:** Big Sky Mobile Catering [mailto:bsmcorpmt@gmail.com]
**Sent:** Thursday, January 16, 2020 1:10 PM
**To:** 'Jake Pelczar' <jpelczar@bankofmt.com>; 'Inder Saini' <inder@hyperblock.co>
**Cc:** 'Dan Stivers' <dan@hyperblock.co>; 'Sean Walsh' <sean@hyperblock.co>; 'Roozbeh Ebbadi'
<roozbeh@hyperblock.co>; 'Kristen Martin' <kristen@hyperblock.co>; 'BOM-Operations'
<operations@bankofmt.com>
**Subject:** RE: FW: Your confirmation for your OUTGOING FX WIRE

I approve.  Steve Nelson, Bonner Property Development LLC.

**From:** Jake Pelczar [mailto:jpelczar@bankofmt.com]
**Sent:** Thursday, January 16, 2020 12:38 PM
**To:** Inder Saini <inder@hyperblock.co>
**Cc:** Dan Stivers <dan@hyperblock.co>; Sean Walsh <sean@hyperblock.co>; Roozbeh Ebbadi
<roozbeh@hyperblock.co>; Big Sky Mobile Catering <bsmcorpmt@gmail.com>; Kristen Martin
<kristen@hyperblock.co>; BOM-Operations <operations@bankofmt.com>
**Subject:** RE: FW: Your confirmation for your OUTGOING FX WIRE

Thanks, Inder!

Steve, can you please "reply all" with your approval of this draw request? Thanks!

Talk soon,

Jake

**Jacob T. Pelczar**
Vice President
Phone: 406.829.2662  /  Fax: 406.829.2355
Bank of Montana
125 Bank Street, Suite 100
Missoula, MT 59802
NMLS: 944575

*The information contained in this message is proprietary and/or confidential.*
*If you are not the intended recipient, please: (i) delete the message and all copies;*
*(ii) do not disclose, distribute or use the message in any manner; and (iii) notify*
*the sender immediately. In addition, please be aware that any message addressed*
*to our domain is subject to archiving and review by persons other than the intended*
*recipient. Thank you.*

EXHIBIT 29.
PAGE 4

**From:** Inder Saini <inder@hyperblock.co>
**Sent:** Thursday, January 16, 2020 10:48 AM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Cc:** Dan Stivers <dan@hyperblock.co>; Sean Walsh <sean@hyperblock.co>; Roozbeh Ebbadi <roozbeh@hyperblock.co>; Big Sky Mobile Catering <bsmcorpmt@gmail.com>; Kristen Martin <kristen@hyperblock.co>
**Subject:** Fwd: FW: Your confirmation for your OUTGOING FX WIRE

Jake

Please find next funding request for servers. We have two invoices we are paying:
1) The balance of the 1,000 S17s = 1,017,159.84
2) Invoice for additional 60 S17 Pros that were shipped by bitmain to us for $40,740.30

Can we please do a wire for $1,057,900.14 to bitmain?

Same instruction as last time to Bitmain.

Thanks
Inder

---------- Forwarded message ---------
From: 赫炘然Joyce <xinran.he@bitmain.com>
Date: Thu, Jan 16, 2020 at 3:38 AM
Subject: Re: FW: Your confirmation for your OUTGOING FX WIRE
To: Sean Walsh <sean@hyperblock.co>, Roozbeh Ebbadi <roozbeh@hyperblock.co>, Dan Stivers <dan@hyperblock.co>
Cc: Kristen Martin <kristen@hyperblock.co>, Inder Saini <inder@hyperblock.co>


Hi Sean Roozbeh and Dan,

Now 800*S17+ are ready to be shipped.
100*S17+ 73T
500*S17+ 70T
100*S17+ 67T

Please finish the balance of 1000*S17+ 70T end of Jan batch, then we will arrange the shipping of first 700-unit batch shipping immediately. It would be perfect if it could be done today, thank you! Balance PI is attached here.

2 Agreements will be sent later.

**Best Regards**
**赫炘然 Joyce He**
Sales and Business Development Department
Phone: +86-10-5327 3990
Mobile: +86-156-3613-0223
LinkedIn-Joyce Xinran He

EXHIBIT 29.
PAGE 5

北京比特大陆科技有限公司Bitmain Technologies Inc
北京市海淀区黑泉路宝盛南路1号院奥北科技园25号楼，100192
Building 25, AoBei Technology Garden, Baosheng South Road, Haidian District, Beijing 100192



www.bitmain.com

赫炘然Joyce <xinran.he@bitmain.com> 于2020年1月13日周一 下午6:56写道：

Hi Dan,

Payment arrived.

| | |
|---|---|
| | IT13012001130544 HYPERBLOCK LLC 5619 DTC |
| IT13012001130544   751473.6 | PARKWAY 475 GREENWOOD VILLAGE CO 80111 USA |
| 13-Jan-20 | INVOICE 0012020010901 |

**Best Regards**
**赫炘然 Joyce He**
Sales and Business Development Department
Phone: +86-10-5327 3990
Mobile: +86-156-3613-0223
LinkedIn-Joyce Xinran He
北京比特大陆科技有限公司Bitmain Technologies Inc
北京市海淀区黑泉路宝盛南路1号院奥北科技园25号楼，100192
Building 25, AoBei Technology Garden, Baosheng South Road, Haidian District, Beijing 100192



www.bitmain.com

赫炘然Joyce <xinran.he@bitmain.com> 于2020年1月12日周日 上午10:25写道：

Hi Dan,

Thanks! I'll ask my colleague to check our bank account then let you know when this payment arrived.

The balance due, I'll send you next week.

**Best Regards**
**赫炘然 Joyce He**
Sales and Business Development Department
Phone: +86-10-5327 3990
Mobile: +86-156-3613-0223
LinkedIn-Joyce Xinran He
北京比特大陆科技有限公司Bitmain Technologies Inc

EXHIBIT 29.
PAGE 6

北京市海淀区黑泉路宝盛南路1号院奥北科技园25号楼，100192
Building 25, AoBei Technology Garden, Baosheng South Road, Haidian District, Beijing 100192



[www.bitmain.com](www.bitmain.com)

Dan Stivers <[dan@hyperblock.co](dan@hyperblock.co)> 于2020年1月11日周六 上午6:12写道：

> Hi Joyce,
>
> See wire transfer information below. The remaining deposit of $751,478.60 was sent. Please let us know when the remaining payment is due.
>
> Thanks
> Dan
>
>
> ---------- Forwarded message ---------
> From: **Jake Pelczar** <[jpelczar@bankofmt.com](jpelczar@bankofmt.com)>
> Date: Fri, Jan 10, 2020 at 2:05 PM
> Subject: FW: Your confirmation for your OUTGOING FX WIRE
> To: Dan Stivers <[dan@hyperblock.co](dan@hyperblock.co)>, Inder Saini <[inder@hyperblock.co](inder@hyperblock.co)>, Sean Walsh <[sean@hyperblock.co](sean@hyperblock.co)>, Steve Nelson <[bsmcorpmt@gmail.com](bsmcorpmt@gmail.com)>, Kristen Martin <[kristen@hyperblock.co](kristen@hyperblock.co)>, Hisham Alwafai <[hisham@hyperblock.co](hisham@hyperblock.co)>, Jason Vaughan <[jason@hyperblock.co](jason@hyperblock.co)>
> Cc: BOM-Loans <[loans@bankofmt.com](loans@bankofmt.com)>, BOM-Operations <[operations@bankofmt.com](operations@bankofmt.com)>
>
>
> Hi Dan and HyperBlock Team,
>
> The Bitmain wire confirmation is below.
>
> Talk soon,
>
> Jake
>
> **Jacob T. Pelczar**
> Vice President
> Phone: 406.829.2662  / Fax: 406.829.2355
> Bank of Montana
> 125 Bank Street, Suite 100
> Missoula, MT 59802
> NMLS: 944575
>
> *The information contained in this message is proprietary and/or confidential.*

*If you are not the intended recipient, please: (i) delete the message and all copies;*
*(ii) do not disclose, distribute or use the message in any manner; and (iii) notify*
*the sender immediately. In addition, please be aware that any message addressed*
*to our domain is subject to archiving and review by persons other than the intended*
*recipient. Thank you.*

**From:** operations@bankofmt.com <operations@bankofmt.com>
**Sent:** Friday, January 10, 2020 1:38 PM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Subject:** Your confirmation for your OUTGOING FX WIRE

# BANK OF MONTANA

125 Bank Street • Missoula, MT 59802

## INTERNATIONAL WIRE TRANSFER NOTICE

*for* HYPERBLOCK, LLC

| | |
|---|---|
| **Date Posted** | 01/10/2020 |
| **Date Entered** | 01/10/2020 |
| **Processing Reference No.** | 1192667 2241608963 |
| **Swift UETR** | 81496f1b-d94b-424c-b4bd-0bfd9e9bdb83 |
| **Amount (USD)** | 751,478.60 |
| **Foreign Amount** | 751,478.60 USD |

| Beneficiary | Beneficiary Bank |
|---|---|
| Bitmaintech Pte. Ltd.<br>8 Kallang Avenue<br>Aperia Tower 1, #09-03/04<br>SINGAPORE | STANDARD CHARTERED BANK (CHINA) LIMITED<br>11/F Tower 1, Kingkey 100<br>Building, No. 5016<br>Shennan East Road, Luohu District<br>SHENZHEN Guangdong<br>CHINA |

--
Inder Saini, CPA, CA
C: 416-356-9611
E: inder@hyperblock.co

| | |
|---|---|
| **From:** | Big Sky Mobile Catering |
| **To:** | Kassy Buss; David Bjornson |
| **Subject:** | FW: Your confirmation for your OUTGOING FX WIRE |
| **Date:** | Sunday, May 31, 2020 5:21:50 PM |

---

**From:** Jake Pelczar [mailto:jpelczar@bankofmt.com]
**Sent:** Thursday, January 16, 2020 3:10 PM
**To:** Inder Saini <inder@hyperblock.co>; Dan Stivers <dan@hyperblock.co>; Sean Walsh <sean@hyperblock.co>; Roozbeh Ebbadi <roozbeh@hyperblock.co>; Big Sky Mobile Catering <bsmcorppmt@gmail.com>; Kristen Martin <kristen@hyperblock.co>
**Subject:** FW: Your confirmation for your OUTGOING FX WIRE

Hi HyperBlock Team,

Wire confirmation is below! Let me know if you need anything else.

Talk soon,

Jake

**Jacob T. Pelczar**
Vice President
Phone: 406.829.2662  /  Fax: 406.829.2355
Bank of Montana
125 Bank Street, Suite 100
Missoula, MT 59802
NMLS: 944575

*The information contained in this message is proprietary and/or confidential.*
*If you are not the intended recipient, please: (i) delete the message and all copies;*
*(ii) do not disclose, distribute or use the message in any manner; and (iii) notify*
*the sender immediately. In addition, please be aware that any message addressed*
*to our domain is subject to archiving and review by persons other than the intended*
*recipient. Thank you.*

---

**From:** operations@bankofmt.com <operations@bankofmt.com>
**Sent:** Thursday, January 16, 2020 2:37 PM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Subject:** Your confirmation for your OUTGOING FX WIRE

# BANK OF MONTANA

125 Bank Street • Missoula, MT 59802

## INTERNATIONAL WIRE TRANSFER NOTICE

*for*

EXHIBIT 29.
PAGE 9

HYPERBLOCK, LLC

| | |
|---|---|
| **Date Posted** | 01/16/2020 |
| **Date Entered** | 01/16/2020 |
| **Processing Reference No.** | 1194887 2245610555 |
| **Swift UETR** | e99df0d3-445d-4b4b-aa7f-7512759bf045 |
| **Amount (USD)** | 1,057,900.14 |
| **Foreign Amount** | 1,057,900.14 USD |

| Beneficiary |
|---|
| Bitmaintech Pte. Ltd.<br>8 Kallang Avenue<br>Aperia Tower 1, #09-03/04<br>SINGAPORE |

| Beneficiary Bank |
|---|
| STANDARD CHARTERED BANK (CHINA) LIMITED<br>11/F Tower 1, Kingkey 100<br>Building, No. 5016<br>Shennan East Road, Luohu District<br>SHENZHEN Guangdong<br>CHINA |

| | |
|---|---|
| **From:** | Big Sky Mobile Catering |
| **To:** | Kassy Buss; David Bjornson |
| **Subject:** | FW: FW: Your confirmation for your OUTGOING FX WIRE |
| **Date:** | Sunday, May 31, 2020 5:19:36 PM |
| **Attachments:** | ~WRD000.jpg |
| | PI-Hyperblock-1000 S17+ end of Jan balance.pdf |
| | PI-Hyperblock-20 extra & 40 incorrect models.pdf |

---

**From:** Inder Saini [mailto:inder@hyperblock.co]
**Sent:** Thursday, January 16, 2020 10:48 AM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Cc:** Dan Stivers <dan@hyperblock.co>; Sean Walsh <sean@hyperblock.co>; Roozbeh Ebbadi <roozbeh@hyperblock.co>; Big Sky Mobile Catering <bsmcorpmt@gmail.com>; Kristen Martin <kristen@hyperblock.co>
**Subject:** Fwd: FW: Your confirmation for your OUTGOING FX WIRE

Jake

Please find next funding request for servers. We have two invoices we are paying:
1) The balance of the 1,000 S17s = 1,017,159.84
2) Invoice for additional 60 S17 Pros that were shipped by bitmain to us for $40,740.30

Can we please do a wire for $1,057,900.14 to bitmain?

Same instruction as last time to Bitmain.

Thanks
Inder

---------- Forwarded message ---------
From: 赫炘然**Joyce** <xinran.he@bitmain.com>
Date: Thu, Jan 16, 2020 at 3:38 AM
Subject: Re: FW: Your confirmation for your OUTGOING FX WIRE
To: Sean Walsh <sean@hyperblock.co>, Roozbeh Ebbadi <roozbeh@hyperblock.co>, Dan Stivers <dan@hyperblock.co>
Cc: Kristen Martin <kristen@hyperblock.co>, Inder Saini <inder@hyperblock.co>


Hi Sean Roozbeh and Dan,

Now 800*S17+ are ready to be shipped.
100*S17+ 73T
500*S17+ 70T
100*S17+ 67T

Please finish the balance of 1000*S17+ 70T end of Jan batch, then we will arrange the shipping of first 700-unit batch shipping immediately. It would be perfect if it could be done today, thank you! Balance PI is attached here.

2 Agreements will be sent later.

EXHIBIT 29.
PAGE 11

**Best Regards**
**赫炘然 Joyce He**
Sales and Business Development Department
Phone: +86-10-5327 3990
Mobile: +86-156-3613-0223
LinkedIn-Joyce Xinran He
北京比特大陆科技有限公司Bitmain Technologies Inc
北京市海淀区黑泉路宝盛南路1号院奥北科技园25号楼，100192
Building 25, AoBei Technology Garden, Baosheng South Road, Haidian District, Beijing 100192



www.bitmain.com

赫炘然Joyce <xinran.he@bitmain.com> 于2020年1月13日周一 下午6:56写道：

Hi Dan,

Payment arrived.

| | |
|---|---|
| 13-Jan-20 | IT13012001130544 HYPERBLOCK LLC 5619 DTC<br>IT13012001130544   751473.6PARKWAY 475 GREENWOOD VILLAGE CO 80111 USA<br>INVOICE 0012020010901 |

**Best Regards**
**赫炘然 Joyce He**
Sales and Business Development Department
Phone: +86-10-5327 3990
Mobile: +86-156-3613-0223
LinkedIn-Joyce Xinran He
北京比特大陆科技有限公司Bitmain Technologies Inc
北京市海淀区黑泉路宝盛南路1号院奥北科技园25号楼，100192
Building 25, AoBei Technology Garden, Baosheng South Road, Haidian District, Beijing 100192



www.bitmain.com

赫炘然Joyce <xinran.he@bitmain.com> 于2020年1月12日周日 上午10:25写道：

Hi Dan,

Thanks! I'll ask my colleague to check our bank account then let you know when this payment arrived.

The balance due, I'll send you next week.

**Best Regards**
**赫炘然 Joyce He**

EXHIBIT 29.
PAGE 12

Sales and Business Development Department
Phone: +86-10-5327 3990
Mobile: +86-156-3613-0223
LinkedIn-Joyce Xinran He
北京比特大陆科技有限公司Bitmain Technologies Inc
北京市海淀区黑泉路宝盛南路1号院奥北科技园25号楼，100192
Building 25, AoBei Technology Garden, Baosheng South Road, Haidian District, Beijing 100192



www.bitmain.com

Dan Stivers <dan@hyperblock.co> 于2020年1月11日周六 上午6:12写道：

> Hi Joyce,
>
> See wire transfer information below. The remaining deposit of $751,478.60 was sent.
> Please let us know when the remaining payment is due.
>
> Thanks
> Dan
>
>
> ---------- Forwarded message ---------
> From: **Jake Pelczar** <jpelczar@bankofmt.com>
> Date: Fri, Jan 10, 2020 at 2:05 PM
> Subject: FW: Your confirmation for your OUTGOING FX WIRE
> To: Dan Stivers <dan@hyperblock.co>, Inder Saini <inder@hyperblock.co>, Sean Walsh
> <sean@hyperblock.co>, Steve Nelson <bsmcorpmt@gmail.com>, Kristen Martin
> <kristen@hyperblock.co>, Hisham Alwafai <hisham@hyperblock.co>, Jason Vaughan
> <jason@hyperblock.co>
> Cc: BOM-Loans <loans@bankofmt.com>, BOM-Operations <operations@bankofmt.com>
>
>
> Hi Dan and HyperBlock Team,
>
> The Bitmain wire confirmation is below.
>
> Talk soon,
>
> Jake
>
> **Jacob T. Pelczar**
> Vice President
> Phone: 406.829.2662  /  Fax: 406.829.2355
> Bank of Montana
> 125 Bank Street, Suite 100
> Missoula, MT 59802
> NMLS: 944575

EXHIBIT 29.
PAGE 13

*The information contained in this message is proprietary and/or confidential.*
*If you are not the intended recipient, please: (i) delete the message and all copies;*
*(ii) do not disclose, distribute or use the message in any manner; and (iii) notify*
*the sender immediately. In addition, please be aware that any message addressed*
*to our domain is subject to archiving and review by persons other than the intended*
*recipient. Thank you.*

**From:** operations@bankofmt.com <operations@bankofmt.com>
**Sent:** Friday, January 10, 2020 1:38 PM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Subject:** Your confirmation for your OUTGOING FX WIRE

# BANK OF MONTANA

125 Bank Street • Missoula, MT 59802

## INTERNATIONAL WIRE TRANSFER NOTICE

*for* HYPERBLOCK, LLC

| | |
|---|---|
| Date Posted | 01/10/2020 |
| Date Entered | 01/10/2020 |
| Processing Reference No. | 1192667 2241608963 |
| Swift UETR | 81496f1b-d94b-424c-b4bd-0bfd9e9bdb83 |
| Amount (USD) | 751,478.60 |
| Foreign Amount | 751,478.60 USD |

| Beneficiary | Beneficiary Bank |
|---|---|
| Bitmaintech Pte. Ltd.<br>8 Kallang Avenue<br>Aperia Tower 1, #09-03/04<br>SINGAPORE | STANDARD CHARTERED BANK (CHINA) LIMITED<br>11/F Tower 1, Kingkey 100<br>Building, No. 5016<br>Shennan East Road, Luohu District<br>SHENZHEN Guangdong<br>CHINA |

--
Inder Saini, CPA, CA
C: 416-356-9611
E: inder@hyperblock.co

| | |
|---|---|
| **From:** | Big Sky Mobile Catering |
| **To:** | Kassy Buss; David Bjornson |
| **Subject:** | FW: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728 |
| **Date:** | Sunday, May 31, 2020 5:22:29 PM |
| **Attachments:** | ~WRD000.jpg |
| | 2030648728_Expeditors Billing Invoice.pdf |

**From:** Inder Saini [mailto:inder@hyperblock.co]
**Sent:** Friday, January 24, 2020 9:27 AM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Cc:** Big Sky Mobile Catering <bsmcorpmt@gmail.com>; Dan Stivers <dan@hyperblock.co>; Sean Walsh <sean@hyperblock.co>; Jason Vaughan <jason@hyperblock.co>
**Subject:** Fwd: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728

Hi Jake,

We did a wire this morning to Expeditors Shipping to clear our duty fees for the server order. See invoice attached for $31,237.91.

We paid out of our operating account ending *3860 this morning to ensure they ship the servers ASAP. Can we please draw down on the loan amount from account 4200 to reimburse for this expense related to the servers? Please fund back into account 3860.

Let me know if you have any questions.

Thanks
Inder

---------- Forwarded message ---------
From: **Sarah Barba** <Sarah.Barba@expeditors.com>
Date: Thu, Jan 23, 2020 at 7:03 PM
Subject: RE: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728
To: Jason Vaughan <jason@hyperblock.co>
Cc: roozbeh@hyperblock.co <roozbeh@hyperblock.co>, inder@hyperblock.co <inder@hyperblock.co>, Clayton Brenden <Clayton.Brenden@expeditors.com>

Hi Jason,

Please see attached revised invoice with HyperBlock listed.

**Regards,**

**Sarah Barba**
Customer Service Representative, Customs Brokerage

**Direct**   206-407-2948

EXHIBIT 29.
PAGE 15

**Office**    206-826-4100
**Email**    Sarah.Barba@Expeditors.com



**Seattle Branch, CSV Office**

19119 16th Ave. South
Seatac, WA 98188

**From:** Jason Vaughan <jason@hyperblock.co>
**Sent:** Thursday, January 23, 2020 3:12 PM
**To:** Sarah Barba <Sarah.Barba@expeditors.com>
**Cc:** roozbeh@hyperblock.co; inder@hyperblock.co; Clayton Brenden
<Clayton.Brenden@expeditors.com>
**Subject:** Re: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728

Hi Sarah,

Per our phone conversation, please send and updated Invoice with Hyperblock Inc as the
Client please.
Address also needs to be changed to:

  140 yonge st suite 209

  Toronto, ON

  M5c 1 x6


Regards,

Jason

On Thu, Jan 23, 2020 at 1:30 PM Sarah Barba <Sarah.Barba@expeditors.com> wrote:

> Hello,
>
> Since you do not have credit with Expeditors, we will need to receive  payment for this
> shipment before we can process the entry.  We will require certified funds, meaning
> cashier's check (not company check) , money order or wire transfer.
>
> ***Please note that we have included an "Incidental Expense fee" of $500.  We are adding
> this to avoid any delay waiting for payment if there is a Customs exam, VACIS exam or
> storage.  We hopefully will not need to request additional funds.   If no exams or storage
> monies are needed, this $500 will be fully refunded to you or can be applied to your next
> shipment.***
>
> If you choose to wire the payment, please send me the wire transfer confirmation number
> once it is completed.  Please make sure you reference our invoice number on the check or
> on the wire transfer request to the bank.

EXHIBIT 29.
PAGE 16

WIRE TRANSFER INFO:
Beneficiary: Expeditors International of Washington, Inc.
Bank Name: Wells Fargo Bank
Bank Address: 999 Third Avenue, Seattle, Washington USA
ABA #: 121000248
Account number: 4761071752


**Regards,**

**Sarah Barba**
Customer Service Representative, Customs Brokerage

**Direct**   206-407-2948
**Office**   206-826-4100
**Email**    Sarah.Barba@Expeditors.com



**Seattle Branch, CSV Office**
19119 16th Ave. South
Seatac, WA 98188

--



**Jason Vaughan**

Bonner, MT Site Manager

jason@hyperblock.co // 406.370.1859

—

**hyperblock.co**

--
Inder Saini, CPA, CA
C: 416-356-9611
E: inder@hyperblock.co

EXHIBIT 29.
PAGE 17



REMIT TO

EXPEDITORS INT'L OF WA INC.
P.O. BOX 1127
KENT, WA 98035-1127
253-872-3860

CLIENT NO: G2814505

HyperBlock Inc.
140 Yonge St
Suite 209
Toronto, ON        M5C 1X6
CANADA

AWB/BL: 160-16272395

| INVOICE DATE | 01/23/20 |
| INVOICE NUMBER | E032934355 |
| YOUR REFERENCE | |

ARRIVAL: 01/23/20

CARRIER: CATHAY PACIFIC AIRWA CUSTOMS#: 231-1138509-8
PCS:  24CTNS    WEIGHT:  8582.0K   CHG WGT:  8582.0K

ADDITIONAL BILLING, ORIGINAL 01/23/20

| DUTY | 30,532.91 USD |
| INCIDENTALS | 500.00 |
| DISBURSEMENT FEE | 35.00 |
| CUSTOMS ENTRY | 125.00 |
| CASH ACCOUNT FEE | 45.00 |
| SUB TOTAL: | 31,237.91 |
| INVOICE TOTAL: | 31,237.91 USD |

Expeditors International of Washington, Inc.
"YOU'D BE SURPRISED HOW FAR WE'LL GO FOR YOU!"

ELECTRONIC IMAGE
SUBJECT TO TERMS AND CONDITIONS

An original version of this image, which can always be generated upon request, sets forth terms and conditions of service on the reverse side of this page. These terms and conditions are also available at www.expeditors.com/forms-downloads. All services provided are subject to these terms and conditions.

| TERMS: NET CASH | EFT OPTIONS: | |
|---|---|---|
| Unless credit has been granted pursuant to the terms and conditions of service or other written agreement with Expeditors, you must pay cash on receipt of goods or completion of service. | **Bank Name:** Wells Fargo Bank, N.A., Seattle, WA 98104 | |
| | ACH Credit Account No.: 4173975863 | Wire Account No.: 4761071752 |
| | Routing No.: 121000248 | Routing No.: 121000248 |
| | Preferred Remittance Format: CTX | SWIFT: WFBIUS6S |

1/93             SC 03                    ORIGINAL   Expeditors Reference:   2030648728 B

| | |
|---|---|
| **From:** | Big Sky Mobile Catering |
| **To:** | Kassy Buss; David Bjornson |
| **Subject:** | FW: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728 |
| **Date:** | Sunday, May 31, 2020 5:22:52 PM |
| **Attachments:** | ~WRD000.jpg |

**From:** Big Sky Mobile Catering [mailto:bsmcorpmt@gmail.com]
**Sent:** Friday, January 24, 2020 12:07 PM
**To:** 'Inder Saini' <inder@hyperblock.co>; 'Jake Pelczar' <jpelczar@bankofmt.com>
**Cc:** 'Dan Stivers' <dan@hyperblock.co>; 'Sean Walsh' <sean@hyperblock.co>; 'Jason Vaughan' <jason@hyperblock.co>
**Subject:** RE: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728

I approve.  Steve Nelson, Bonner Property Development LLC.

**From:** Inder Saini [mailto:inder@hyperblock.co]
**Sent:** Friday, January 24, 2020 9:27 AM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Cc:** Big Sky Mobile Catering <bsmcorpmt@gmail.com>; Dan Stivers <dan@hyperblock.co>; Sean Walsh <sean@hyperblock.co>; Jason Vaughan <jason@hyperblock.co>
**Subject:** Fwd: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728

Hi Jake,

We did a wire this morning to Expeditors Shipping to clear our duty fees for the server order. See invoice attached for $31,237.91.

We paid out of our operating account ending *3860 this morning to ensure they ship the servers ASAP. Can we please draw down on the loan amount from account 4200 to reimburse for this expense related to the servers? Please fund back into account 3860.

Let me know if you have any questions.

Thanks
Inder

---------- Forwarded message ---------
From: **Sarah Barba** <Sarah.Barba@expeditors.com>
Date: Thu, Jan 23, 2020 at 7:03 PM
Subject: RE: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728
To: Jason Vaughan <jason@hyperblock.co>
Cc: roozbeh@hyperblock.co <roozbeh@hyperblock.co>, inder@hyperblock.co <inder@hyperblock.co>, Clayton Brenden <Clayton.Brenden@expeditors.com>

Hi Jason,

EXHIBIT 29.
PAGE 19

Please see attached revised invoice with HyperBlock listed.


**Regards,**

**Sarah Barba**

Customer Service Representative, Customs Brokerage

**Direct**   206-407-2948
**Office**   206-826-4100
**Email**    Sarah.Barba@Expeditors.com



**Seattle Branch, CSV Office**

19119 16th Ave. South
Seatac, WA 98188


**From:** Jason Vaughan <jason@hyperblock.co>
**Sent:** Thursday, January 23, 2020 3:12 PM
**To:** Sarah Barba <Sarah.Barba@expeditors.com>
**Cc:** roozbeh@hyperblock.co; inder@hyperblock.co; Clayton Brenden
<Clayton.Brenden@expeditors.com>
**Subject:** Re: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728

Hi Sarah,

Per our phone conversation, please send and updated Invoice with Hyperblock Inc as the
Client please.
Address also needs to be changed to:

   140 yonge st suite 209

   Toronto, ON

   M5c 1 x6


Regards,

Jason

On Thu, Jan 23, 2020 at 1:30 PM Sarah Barba <Sarah.Barba@expeditors.com> wrote:

   Hello,

   Since you do not have credit with Expeditors, we will need to receive  payment for this
   shipment before we can process the entry.  We will require certified funds, meaning
   cashier's check (not company check) , money order or wire transfer.

***Please note that we have included an "Incidental Expense fee" of $500.  We are adding this to avoid any delay waiting for payment if there is a Customs exam, VACIS exam or storage.  We hopefully will not need to request additional funds.  If no exams or storage monies are needed, this $500 will be fully refunded to you or can be applied to your next shipment.***

If you choose to wire the payment, please send me the wire transfer confirmation number once it is completed.  Please make sure you reference our invoice number on the check or on the wire transfer request to the bank.

WIRE TRANSFER INFO:
Beneficiary: Expeditors International of Washington, Inc.
Bank Name: Wells Fargo Bank
Bank Address: 999 Third Avenue, Seattle, Washington USA
ABA #: 121000248
Account number: 4761071752


**Regards,**

**Sarah Barba**
Customer Service Representative, Customs Brokerage

**Direct**   206-407-2948
**Office**   206-826-4100
**Email**    Sarah.Barba@Expeditors.com



**Seattle Branch, CSV Office**
19119 16th Ave. South
Seatac, WA 98188


--



**Jason Vaughan**

Bonner, MT Site Manager

jason@hyperblock.co // 406.370.1859

EXHIBIT 29.
PAGE 21

**hyperblock.co**



--
Inder Saini, CPA, CA
C: 416-356-9611
E: inder@hyperblock.co

EXHIBIT 29.
PAGE 22

| | |
|---|---|
| **From:** | Big Sky Mobile Catering |
| **To:** | Kassy Buss; David Bjornson |
| **Subject:** | FW: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728 |
| **Date:** | Sunday, May 31, 2020 5:23:44 PM |
| **Attachments:** | image002.png |
| | image003.png |
| | image004.png |
| | image005.jpg |

---

**From:** Alex Drayton [mailto:adrayton@bankofmt.com]
**Sent:** Friday, January 24, 2020 12:21 PM
**To:** Jake Pelczar <jpelczar@bankofmt.com>; Big Sky Mobile Catering <bsmcorpmt@gmail.com>; 'Inder Saini' <inder@hyperblock.co>
**Cc:** 'Dan Stivers' <dan@hyperblock.co>; 'Sean Walsh' <sean@hyperblock.co>; 'Jason Vaughan' <jason@hyperblock.co>; BOM-Operations <operations@bankofmt.com>; BOM-Loans <loans@bankofmt.com>
**Subject:** RE: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728

Transfer has been completed!
Alex

## Alex Drayton

Assistant Vice President
Phone: 406.829.2662  |  Fax: 406.829.2355
www.bankofmontana.com
125 Bank Street, Suite 100
Missoula, MT 59802



*The information contained in this message is proprietary and/or confidential. If you are not the intended recipient, please: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately. In addition, please be aware that any message addressed to our domain is subject to archiving and review by persons other than the intended recipient. Thank you.*

---

**From:** Jake Pelczar <jpelczar@bankofmt.com>
**Sent:** Friday, January 24, 2020 12:19 PM
**To:** Big Sky Mobile Catering <bsmcorpmt@gmail.com>; 'Inder Saini' <inder@hyperblock.co>
**Cc:** 'Dan Stivers' <dan@hyperblock.co>; 'Sean Walsh' <sean@hyperblock.co>; 'Jason Vaughan' <jason@hyperblock.co>; BOM-Operations <operations@bankofmt.com>; BOM-Loans <loans@bankofmt.com>
**Subject:** RE: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728

Hi Inder,

Yes, we're on it. We'll let you know when the transfer has been made. Thanks!

EXHIBIT 29.
PAGE 23

Jake

**Jacob T. Pelczar**
Vice President
Phone: 406.829.2662  /  Fax: 406.829.2355
Bank of Montana
125 Bank Street, Suite 100
Missoula, MT 59802
NMLS: 944575

*The information contained in this message is proprietary and/or confidential.*
*If you are not the intended recipient, please: (i) delete the message and all copies;*
*(ii) do not disclose, distribute or use the message in any manner; and (iii) notify*
*the sender immediately. In addition, please be aware that any message addressed*
*to our domain is subject to archiving and review by persons other than the intended*
*recipient. Thank you.*

---

**From:** Big Sky Mobile Catering <bsmcorpmt@gmail.com>
**Sent:** Friday, January 24, 2020 12:07 PM
**To:** 'Inder Saini' <inder@hyperblock.co>; Jake Pelczar <jpelczar@bankofmt.com>
**Cc:** 'Dan Stivers' <dan@hyperblock.co>; 'Sean Walsh' <sean@hyperblock.co>; 'Jason Vaughan'
<jason@hyperblock.co>
**Subject:** RE: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728

I approve.  Steve Nelson, Bonner Property Development LLC.

**From:** Inder Saini [mailto:inder@hyperblock.co]
**Sent:** Friday, January 24, 2020 9:27 AM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Cc:** Big Sky Mobile Catering <bsmcorpmt@gmail.com>; Dan Stivers <dan@hyperblock.co>; Sean
Walsh <sean@hyperblock.co>; Jason Vaughan <jason@hyperblock.co>
**Subject:** Fwd: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728

Hi Jake,

We did a wire this morning to Expeditors Shipping to clear our duty fees for the server order.
See invoice attached for $31,237.91.

We paid out of our operating account ending *3860 this morning to ensure they ship the
servers ASAP. Can we please draw down on the loan amount from account 4200 to reimburse
for this expense related to the servers? Please fund back into account 3860.

Let me know if you have any questions.

Thanks
Inder

EXHIBIT 29.
PAGE 24

---------- Forwarded message ---------
From: **Sarah Barba** <Sarah.Barba@expeditors.com>
Date: Thu, Jan 23, 2020 at 7:03 PM
Subject: RE: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728
To: Jason Vaughan <jason@hyperblock.co>
Cc: roozbeh@hyperblock.co <roozbeh@hyperblock.co>, inder@hyperblock.co
<inder@hyperblock.co>, Clayton Brenden <Clayton.Brenden@expeditors.com>


Hi Jason,

Please see attached revised invoice with HyperBlock listed.


**Regards,**

**Sarah Barba**
Customer Service Representative, Customs Brokerage

**Direct**   206-407-2948
**Office**   206-826-4100
**Email**    Sarah.Barba@Expeditors.com



**Seattle Branch, CSV Office**
19119 16th Ave. South
Seatac, WA 98188


**From:** Jason Vaughan <jason@hyperblock.co>
**Sent:** Thursday, January 23, 2020 3:12 PM
**To:** Sarah Barba <Sarah.Barba@expeditors.com>
**Cc:** roozbeh@hyperblock.co; inder@hyperblock.co; Clayton Brenden
<Clayton.Brenden@expeditors.com>
**Subject:** Re: EI INVOICE: 31,237.91 E032933691 FILE: 2030648728

Hi Sarah,

Per our phone conversation, please send and updated Invoice with Hyperblock Inc as the
Client please.
Address also needs to be changed to:

140 yonge st suite 209

Toronto, ON

M5c 1 x6

EXHIBIT 29.
PAGE 25

Regards,

Jason

On Thu, Jan 23, 2020 at 1:30 PM Sarah Barba <Sarah.Barba@expeditors.com> wrote:

> Hello,
>
> Since you do not have credit with Expeditors, we will need to receive  payment for this shipment before we can process the entry.  We will require certified funds, meaning cashier's check (not company check) , money order or wire transfer.
>
> ***Please note that we have included an "Incidental Expense fee" of $500.  We are adding this to avoid any delay waiting for payment if there is a Customs exam, VACIS exam or storage.  We hopefully will not need to request additional funds.   If no exams or storage monies are needed, this $500 will be fully refunded to you or can be applied to your next shipment.***
>
> If you choose to wire the payment, please send me the wire transfer confirmation number once it is completed.  Please make sure you reference our invoice number on the check or on the wire transfer request to the bank.
>
> WIRE TRANSFER INFO:
> Beneficiary: Expeditors International of Washington, Inc.
> Bank Name: Wells Fargo Bank
> Bank Address: 999 Third Avenue, Seattle, Washington USA
> ABA #: 121000248
> Account number: 4761071752
>
>
> **Regards,**
>
> **Sarah Barba**
> Customer Service Representative, Customs Brokerage
>
> **Direct**   206-407-2948
> **Office**   206-826-4100
> **Email**    Sarah.Barba@Expeditors.com
>
> 
>
> **Seattle Branch, CSV Office**
> 19119 16th Ave. South
> Seatac, WA 98188

--

EXHIBIT 29.
PAGE 26



**Jason Vaughan**

Bonner, MT Site Manager

[jason@hyperblock.co](mailto:jason@hyperblock.co) // 406.370.1859

—

**[hyperblock.co](http://hyperblock.co)**


--
Inder Saini, CPA, CA
C: 416-356-9611
E: [inder@hyperblock.co](mailto:inder@hyperblock.co)

| | |
|---|---|
| **From:** | Big Sky Mobile Catering |
| **To:** | Kassy Buss; David Bjornson |
| **Subject:** | FW: EI INVOICE: 15,011.85 E032935473 FILE: 2030649147 |
| **Date:** | Sunday, May 31, 2020 5:24:38 PM |

**From:** Steve Nelson [mailto:bsmcorpmt@gmail.com]
**Sent:** Monday, January 27, 2020 3:36 PM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Cc:** Inder Saini <inder@hyperblock.co>; Dan Stivers <dan@hyperblock.co>; Sean Walsh <sean@hyperblock.co>; Jason Vaughan <jason@hyperblock.co>; BOM-Operations <operations@bankofmt.com>; BOM-Loans <loans@bankofmt.com>
**Subject:** Re: EI INVOICE: 15,011.85 E032935473 FILE: 2030649147

I approve.

Steve Nelson

Bonner Property Development


> On Jan 27, 2020, at 1:48 PM, Jake Pelczar <jpelczar@bankofmt.com> wrote:
>
>
> Hi Steve,
>
> Please see HyperBlock's request for loan funds below. If you would please let us know whether you approve of this draw request at your earliest convenience, that would be great. Thanks!
>
> Talk soon,
>
> Jake
>
> **Jacob T. Pelczar**
> Vice President
> Phone: 406.829.2662  /  Fax: 406.829.2355
> Bank of Montana
> 125 Bank Street, Suite 100
> Missoula, MT 59802
> NMLS: 944575
>
> *The information contained in this message is proprietary and/or confidential.*
> *If you are not the intended recipient, please: (i) delete the message and all copies;*
> *(ii) do not disclose, distribute or use the message in any manner; and (iii) notify*
> *the sender immediately. In addition, please be aware that any message addressed*
> *to our domain is subject to archiving and review by persons other than the intended*

EXHIBIT 29.
PAGE 28

*recipient. Thank you.*

---

**From:** Inder Saini <inder@hyperblock.co>
**Sent:** Monday, January 27, 2020 2:28 PM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Cc:** Dan Stivers <dan@hyperblock.co>; Sean Walsh <sean@hyperblock.co>; Jason Vaughan <jason@hyperblock.co>
**Subject:** Fwd: EI INVOICE: 15,011.85 E032935473 FILE: 2030649147

Hi Jake
This is the second part of the duty on 300 s17 servers. Can we please use loan funds for this wire?

Thanks
Inder

Begin forwarded message:

> **From:** Jason Vaughan <jason@hyperblock.co>
> **Date:** January 27, 2020 at 4:06:23 PM EST
> **To:** Inder Saini <inder@hyperblock.co>, Roozbeh Ebbadi <roozbeh@hyperblock.co>
> **Subject: Fwd:  EI INVOICE: 15,011.85 E032935473 FILE: 2030649147**
>
>
> Sarah just informed me that she hadn't sent this to you.
> This is the invoice for additional duties on the remaining 300 units.
> We need to get this paid.
> I can get the wire form ready to submit to B of M.
>
> Inder, can you please look at getting the funds moved from the loan account to Ops to cover this?
>
> Regards,
>
> Jason
>
> ---------- Forwarded message ---------
> From: **Sarah Barba** <Sarah.Barba@expeditors.com>
> Date: Fri, Jan 24, 2020 at 4:08 PM
> Subject: EI INVOICE: 15,011.85 E032935473 FILE: 2030649147
> To: Jason Vaughan <jason@hyperblock.co>
>
>
> Hello Jason,

EXHIBIT 29.
PAGE 29

Since you do not have credit with Expeditors, we will need to receive payment for this shipment before we can process the entry.  We will require certified funds, meaning cashier's check (not company check) , money order or wire transfer.

***Please note that we have included an "Incidental Expense fee" of $500.  We are adding this to avoid any delay waiting for payment if there is a Customs exam, VACIS exam or storage.  We hopefully will not need to request additional funds.   If no exams or storage monies are needed, this $500 will be fully refunded to you or can be applied to your next shipment.***

If you choose to wire the payment, please send me the wire transfer confirmation number once it is completed.  Please make sure you reference our invoice number on the check or on the wire transfer request to the bank.

WIRE TRANSFER INFO:

Beneficiary: Expeditors International of Washington, Inc.

Bank Name: Wells Fargo Bank

Bank Address: 999 Third Avenue, Seattle, Washington USA

ABA #: 121000248

Account number: 4761071752

**Regards,**

**Sarah Barba**

Customer Service Representative, Customs Brokerage

EXHIBIT 29.
PAGE 30

| | |
|---|---|
| **Direct** | 206-407-2948 |
| **Office** | 206-826-4100 |
| **Email** | Sarah.Barba@Expeditors.com |

<image001.gif>

**Seattle Branch, CSV Office**

19119 16th Ave. South

Seatac, WA 98188

--

<~WRD4075.jpg>
**Error! Filename not specified.**

## Jason Vaughan

Bonner, MT Site Manager

jason@hyperblock.co // 406.370.1859

—

**hyperblock.co**

<2030649147_Expeditors Billing Invoice.pdf>

| | |
|---|---|
| **From:** | Big Sky Mobile Catering |
| **To:** | Kassy Buss; David Bjornson |
| **Subject:** | FW: FW: Your confirmation for your OUTGOING FX WIRE |
| **Date:** | Sunday, May 31, 2020 5:26:00 PM |
| **Attachments:** | image001.jpg |

**From:** Inder Saini [mailto:inder@hyperblock.co]
**Sent:** Monday, February 03, 2020 1:24 PM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Cc:** Big Sky Mobile Catering <bsmcorpmt@gmail.com>; Sean Walsh <sean@hyperblock.co>; Dan Stivers <dan@hyperblock.co>; Jason Vaughan <jason@hyperblock.co>; BOM-Operations <operations@bankofmt.com>; BOM-Loans <loans@bankofmt.com>
**Subject:** Re: FW: Your confirmation for your OUTGOING FX WIRE

Hi Jake,
Can you give me a wire confirmation? I would like to send to bitmain to let them know
Thanks!

On Mon, Feb 3, 2020 at 12:47 PM Inder Saini <inder@hyperblock.co> wrote:

> Our cap is $2,625,000
> Let's use $480,000 from the loan for this order
> Please use 6886.79 from our 3860 account to cover the balance
> We are all good
> Thanks
>
> On Mon, Feb 3, 2020 at 12:42 PM Jake Pelczar <jpelczar@bankofmt.com> wrote:
>
>> Hi Inder,
>>
>> The loan commitment amount is $3,540,000. Current balance is $2,143,795.37 and there is $1,396,204.63 undisbursed.
>>
>> Steve, is part of your agreement that they can only take it up to $2,625,000 right now? Please advise. Thanks!
>>
>> Talk soon,
>>
>> Jake
>>
>> **Jacob T. Pelczar**
>> Vice President
>> Phone: 406.829.2662  /  Fax: 406.829.2355
>> Bank of Montana
>> 125 Bank Street, Suite 100
>> Missoula, MT 59802
>> NMLS: 944575

EXHIBIT 29.
PAGE 32

*The information contained in this message is proprietary and/or confidential.*
*If you are not the intended recipient, please: (i) delete the message and all copies;*
*(ii) do not disclose, distribute or use the message in any manner; and (iii) notify*
*the sender immediately. In addition, please be aware that any message addressed*
*to our domain is subject to archiving and review by persons other than the intended*
*recipient. Thank you.*

**From:** Inder Saini <inder@hyperblock.co>
**Sent:** Monday, February 03, 2020 10:35 AM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Cc:** Big Sky Mobile Catering <bsmcorpmt@gmail.com>; Sean Walsh
<sean@hyperblock.co>; Dan Stivers <dan@hyperblock.co>; Jason Vaughan
<jason@hyperblock.co>
**Subject:** Re: FW: Your confirmation for your OUTGOING FX WIRE

Please correct me if I am wrong
- I think the max loan amount available at this time was 2,625,000
- Based on that assumption I am assuming our availability is only 481,204.63 at this time

Let me know if that is not the case, and if that works, then send full amount from loan
account

On Mon, Feb 3, 2020 at 12:33 PM Jake Pelczar <jpelczar@bankofmt.com> wrote:

> Hi Inder,
>
> There is plenty of room on the loan. I'm assuming you'd like us to pay it all from the
> loan, correct?
>
> Thanks,
>
> Jake
>
> **Jacob T. Pelczar**
> Vice President
> Phone: 406.829.2662  /  Fax: 406.829.2355
> Bank of Montana
> 125 Bank Street, Suite 100
> Missoula, MT 59802
> NMLS: 944575
>
> *The information contained in this message is proprietary and/or confidential.*
> *If you are not the intended recipient, please: (i) delete the message and all copies;*
> *(ii) do not disclose, distribute or use the message in any manner; and (iii) notify*
> *the sender immediately. In addition, please be aware that any message addressed*
> *to our domain is subject to archiving and review by persons other than the intended*
> *recipient. Thank you.*
>
> **From:** Inder Saini <inder@hyperblock.co>
> **Sent:** Monday, February 03, 2020 10:12 AM
> **To:** Jake Pelczar <jpelczar@bankofmt.com>
> **Cc:** Big Sky Mobile Catering <bsmcorpmt@gmail.com>; Sean Walsh

<sean@hyperblock.co>; Dan Stivers <dan@hyperblock.co>; Jason Vaughan
<jason@hyperblock.co>
**Subject:** Fwd: FW: Your confirmation for your OUTGOING FX WIRE

Hi Jake,

Can we setup a wire for the final invoice for bitmain on this order of S17s?

I believe we have availability of $480,000 in the loan account.
Please use 6886.79 from our 3860 account to cover the balance.

Thanks
Inder

---------- Forwarded message ---------
From: 赫炘然 Joyce <xinran.he@bitmain.com>
Date: Mon, Feb 3, 2020 at 11:34 AM
Subject: Re: FW: Your confirmation for your OUTGOING FX WIRE
To: Sean Walsh <sean@hyperblock.co>, Roozbeh Ebbadi <roozbeh@hyperblock.co>,
Dan Stivers <dan@hyperblock.co>
Cc: Kristen Martin <kristen@hyperblock.co>, Inder Saini <inder@hyperblock.co>


Hi Sean, Roozbeh and Dan,

The balance of 490*S17+ 70T mid of Feb batch is attached here. Please kindly check
and finish the payment within 2 days. Thank you!

Please let me know if you have any questions.

**Best Regards**
**赫炘然 Joyce He**
Sales and Business Development Department
Phone: +86-10-5327 3990
Mobile: +86-156-3613-0223
LinkedIn-Joyce Xinran He
北京比特大陆科技有限公司Bitmain Technologies Inc
北京市海淀区黑泉路宝盛南路1号院奥北科技园25号楼，100192
Building 25, AoBei Technology Garden, Baosheng South Road, Haidian District, Beijing 100192



www.bitmain.com


赫炘然Joyce <xinran.he@bitmain.com> 于2020年1月12日周日 上午10:25写道：

Hi Dan,

Thanks! I'll ask my colleague to check our bank account then let you know when this

EXHIBIT 29.
PAGE 34

payment arrived.

The balance due, I'll send you next week.

**Best Regards**
赫炘然 **Joyce He**
Sales and Business Development Department
Phone: +86-10-5327 3990
Mobile: +86-156-3613-0223
LinkedIn-Joyce Xinran He
北京比特大陆科技有限公司Bitmain Technologies Inc
北京市海淀区黑泉路宝盛南路1号院奥北科技园25号楼，100192
Building 25, AoBei Technology Garden, Baosheng South Road, Haidian District, Beijing 100192



www.bitmain.com

Dan Stivers <dan@hyperblock.co> 于2020年1月11日周六 上午6:12写道：

Hi Joyce,

See wire transfer information below. The remaining deposit of $751,478.60 was sent. Please let us know when the remaining payment is due.

Thanks
Dan

---------- Forwarded message ---------
From: **Jake Pelczar** <jpelczar@bankofmt.com>
Date: Fri, Jan 10, 2020 at 2:05 PM
Subject: FW: Your confirmation for your OUTGOING FX WIRE
To: Dan Stivers <dan@hyperblock.co>, Inder Saini <inder@hyperblock.co>, Sean Walsh <sean@hyperblock.co>, Steve Nelson <bsmcorpmt@gmail.com>, Kristen Martin <kristen@hyperblock.co>, Hisham Alwafai <hisham@hyperblock.co>, Jason Vaughan <jason@hyperblock.co>
Cc: BOM-Loans <loans@bankofmt.com>, BOM-Operations <operations@bankofmt.com>

Hi Dan and HyperBlock Team,

The Bitmain wire confirmation is below.

Talk soon,

Jake

**Jacob T. Pelczar**
Vice President
Phone: 406.829.2662  /  Fax: 406.829.2355
Bank of Montana
125 Bank Street, Suite 100
Missoula, MT 59802
NMLS: 944575

*The information contained in this message is proprietary and/or confidential.*
*If you are not the intended recipient, please: (i) delete the message and all copies;*
*(ii) do not disclose, distribute or use the message in any manner; and (iii) notify*
*the sender immediately. In addition, please be aware that any message addressed*
*to our domain is subject to archiving and review by persons other than the intended*
*recipient. Thank you.*

**From:** operations@bankofmt.com <operations@bankofmt.com>
**Sent:** Friday, January 10, 2020 1:38 PM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Subject:** Your confirmation for your OUTGOING FX WIRE

# BANK OF MONTANA

### 125 Bank Street • Missoula, MT 59802

## INTERNATIONAL WIRE TRANSFER NOTICE

*for* HYPERBLOCK, LLC

| | |
|---|---|
| **Date Posted** | 01/10/2020 |
| **Date Entered** | 01/10/2020 |
| **Processing Reference No.** | 1192667 2241608963 |
| **Swift UETR** | 81496f1b-d94b-424c-b4bd-0bfd9e9bdb83 |
| **Amount (USD)** | 751,478.60 |
| **Foreign Amount** | 751,478.60 USD |

| **Beneficiary** | **Beneficiary Bank** |
|---|---|
| Bitmaintech Pte. Ltd.<br>8 Kallang Avenue<br>Aperia Tower 1, #09-03/04<br>SINGAPORE | STANDARD CHARTERED BANK (CHINA) LIMITED<br>11/F Tower 1, Kingkey 100<br>Building, No. 5016<br>Shennan East Road, Luohu District<br>SHENZHEN Guangdong<br>CHINA |

--
Inder Saini, CPA, CA
C: 416-356-9611

EXHIBIT 29.
PAGE 36

E: inder@hyperblock.co

--
Inder Saini, CPA, CA
C: 416-356-9611
E: inder@hyperblock.co

--
Inder Saini, CPA, CA
C: 416-356-9611
E: inder@hyperblock.co

--
Inder Saini, CPA, CA
C: 416-356-9611
E: inder@hyperblock.co

EXHIBIT 29.
PAGE 37

| | |
|---|---|
| **From:** | Big Sky Mobile Catering |
| **To:** | Kassy Buss; David Bjornson |
| **Subject:** | FW: Your confirmation for your OUTGOING FX WIRE |
| **Date:** | Sunday, May 31, 2020 5:25:17 PM |
| **Attachments:** | ~WRD000.jpg |

---

**From:** Steve Nelson [mailto:bsmcorpmt@gmail.com]
**Sent:** Monday, February 03, 2020 10:29 AM
**To:** Inder Saini <inder@hyperblock.co>
**Cc:** Jake Pelczar <jpelczar@bankofmt.com>; Sean Walsh <sean@hyperblock.co>; Dan Stivers <dan@hyperblock.co>; Jason Vaughan <jason@hyperblock.co>
**Subject:** Re: Your confirmation for your OUTGOING FX WIRE

I approve.

Steve Nelson
Bonner Property Development


On Feb 3, 2020, at 11:11 AM, Inder Saini <inder@hyperblock.co> wrote:

Hi Jake,

Can we setup a wire for the final invoice for bitmain on this order of S17s?

I believe we have availability of $480,000 in the loan account.
Please use 6886.79 from our 3860 account to cover the balance.

Thanks
Inder

---------- Forwarded message ---------
From: 赫炘然 **Joyce** <xinran.he@bitmain.com>
Date: Mon, Feb 3, 2020 at 11:34 AM
Subject: Re: FW: Your confirmation for your OUTGOING FX WIRE
To: Sean Walsh <sean@hyperblock.co>, Roozbeh Ebbadi <roozbeh@hyperblock.co>, Dan Stivers <dan@hyperblock.co>
Cc: Kristen Martin <kristen@hyperblock.co>, Inder Saini <inder@hyperblock.co>


Hi Sean, Roozbeh and Dan,

The balance of 490*S17+ 70T mid of Feb batch is attached here. Please kindly check and finish the payment within 2 days. Thank you!

Please let me know if you have any questions.

EXHIBIT 29.
PAGE 38

**Best Regards**
**赫炘然 Joyce He**
Sales and Business Development Department
Phone: +86-10-5327 3990
Mobile: +86-156-3613-0223
LinkedIn-Joyce Xinran He
北京比特大陆科技有限公司Bitmain Technologies Inc
北京市海淀区黑泉路宝盛南路1号院奥北科技园25号楼，100192
Building 25, AoBei Technology Garden, Baosheng South Road, Haidian District, Beijing 100192



www.bitmain.com

赫炘然Joyce <xinran.he@bitmain.com> 于2020年1月12日周日 上午10:25写道：

> Hi Dan,
>
> Thanks! I'll ask my colleague to check our bank account then let you know when this payment arrived.
>
> The balance due, I'll send you next week.
>
> **Best Regards**
> **赫炘然 Joyce He**
> Sales and Business Development Department
> Phone: +86-10-5327 3990
> Mobile: +86-156-3613-0223
> LinkedIn-Joyce Xinran He
> 北京比特大陆科技有限公司Bitmain Technologies Inc
> 北京市海淀区黑泉路宝盛南路1号院奥北科技园25号楼，100192
> Building 25, AoBei Technology Garden, Baosheng South Road, Haidian District, Beijing 100192
>
> 
>
> www.bitmain.com

Dan Stivers <dan@hyperblock.co> 于2020年1月11日周六 上午6:12写道：

> Hi Joyce,
>
> See wire transfer information below. The remaining deposit of $751,478.60 was sent. Please let us know when the remaining payment is due.

Thanks
Dan


---------- Forwarded message ---------
From: **Jake Pelczar** <jpelczar@bankofmt.com>
Date: Fri, Jan 10, 2020 at 2:05 PM
Subject: FW: Your confirmation for your OUTGOING FX WIRE
To: Dan Stivers <dan@hyperblock.co>, Inder Saini <inder@hyperblock.co>,
Sean Walsh <sean@hyperblock.co>, Steve Nelson
<bsmcorpmt@gmail.com>, Kristen Martin <kristen@hyperblock.co>,
Hisham Alwafai <hisham@hyperblock.co>, Jason Vaughan
<jason@hyperblock.co>
Cc: BOM-Loans <loans@bankofmt.com>, BOM-Operations
<operations@bankofmt.com>


Hi Dan and HyperBlock Team,

The Bitmain wire confirmation is below.

Talk soon,

Jake

**Jacob T. Pelczar**
Vice President
Phone: 406.829.2662  /  Fax: 406.829.2355
Bank of Montana
125 Bank Street, Suite 100
Missoula, MT 59802
NMLS: 944575

*The information contained in this message is proprietary and/or confidential.*
*If you are not the intended recipient, please: (i) delete the message and all copies;*
*(ii) do not disclose, distribute or use the message in any manner; and (iii) notify*
*the sender immediately. In addition, please be aware that any message addressed*
*to our domain is subject to archiving and review by persons other than the intended*
*recipient. Thank you.*

**From:** operations@bankofmt.com <operations@bankofmt.com>
**Sent:** Friday, January 10, 2020 1:38 PM
**To:** Jake Pelczar <jpelczar@bankofmt.com>
**Subject:** Your confirmation for your OUTGOING FX WIRE

# BANK OF MONTANA

### 125 Bank Street • Missoula, MT 59802

## INTERNATIONAL WIRE TRANSFER NOTICE

*for* HYPERBLOCK, LLC

| | |
|---|---|
| **Date Posted** | 01/10/2020 |
| **Date Entered** | 01/10/2020 |
| **Processing Reference No.** | 1192667 2241608963 |
| **Swift UETR** | 81496f1b-d94b-424c-b4bd-0bfd9e9bdb83 |
| **Amount (USD)** | 751,478.60 |
| **Foreign Amount** | 751,478.60 USD |

| **Beneficiary** | **Beneficiary Bank** |
|---|---|
| Bitmaintech Pte. Ltd.<br>8 Kallang Avenue<br>Aperia Tower 1, #09-03/04<br>SINGAPORE | STANDARD CHARTERED BANK (CHINA) LIMITED<br>11/F Tower 1, Kingkey 100<br>Building, No. 5016<br>Shennan East Road, Luohu District<br>SHENZHEN Guangdong<br>CHINA |

--
Inder Saini, CPA, CA
C: 416-356-9611
E: inder@hyperblock.co
<PI-Hyperblock-490 S17+ mid of Feb balance.pdf>

EXHIBIT 29.
PAGE 41

| | |
|---|---|
| **From:** | Big Sky Mobile Catering |
| **To:** | Kassy Buss; David Bjornson |
| **Subject:** | FW: Legal Fees |
| **Date:** | Sunday, May 31, 2020 5:27:11 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |

**From:** Big Sky Mobile Catering [mailto:bsmcorpmt@gmail.com]
**Sent:** Tuesday, February 18, 2020 4:57 PM
**To:** 'Alex Drayton' <adrayton@bankofmt.com>; 'Inder Saini' <inder@hyperblock.co>; 'Dan Stivers' <dan@hyperblock.co>
**Cc:** 'Jake Pelczar' <jpelczar@bankofmt.com>
**Subject:** RE: Legal Fees

Alex,  Thanks.  I approve. Steve

**From:** Alex Drayton [mailto:adrayton@bankofmt.com]
**Sent:** Tuesday, February 18, 2020 4:44 PM
**To:** Inder Saini <inder@hyperblock.co>; Dan Stivers <dan@hyperblock.co>; Big Sky Mobile Catering <bsmcorpmt@gmail.com>
**Cc:** Jake Pelczar <jpelczar@bankofmt.com>
**Subject:** Legal Fees

Hi HyperBlock Team,

I hope you're well!
Letting you know that we received the bill for legal charges related to the recent CIT, which totaled $2,750. Per the CIT, we've disbursed that amount from the loan for this expense. Please let us know if you have any questions.

Thanks,
Alex

Alex Drayton
Assistant VP and Assistant COO
Phone: 406.829.2662  |  Fax: 406.829.2355
www.bankofmontana.com
125 Bank Street, Suite 100
Missoula, MT 59802



*The information contained in this message is proprietary and/or confidential. If you are not the intended recipient, please: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and*

EXHIBIT 29.
PAGE 42

*(iii) notify the sender immediately. In addition, please be aware that any message addressed to our domain is subject to archiving and review by persons other than the intended recipient. Thank you.*

| | |
|---|---|
| **From:** | Big Sky Mobile Catering |
| **To:** | Kassy Buss; David Bjornson |
| **Subject:** | FW: Legal Fees |
| **Date:** | Sunday, May 31, 2020 5:26:38 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |

**From:** Alex Drayton [mailto:adrayton@bankofmt.com]
**Sent:** Tuesday, February 18, 2020 4:44 PM
**To:** Inder Saini <inder@hyperblock.co>; Dan Stivers <dan@hyperblock.co>; Big Sky Mobile Catering <bsmcorpmt@gmail.com>
**Cc:** Jake Pelczar <jpelczar@bankofmt.com>
**Subject:** Legal Fees

Hi HyperBlock Team,

I hope you're well!
Letting you know that we received the bill for legal charges related to the recent CIT, which totaled $2,750. Per the CIT, we've disbursed that amount from the loan for this expense. Please let us know if you have any questions.

Thanks,
Alex

## Alex Drayton

Assistant VP and Assistant COO
Phone: 406.829.2662  |  Fax: 406.829.2355
www.bankofmontana.com
125 Bank Street, Suite 100
Missoula, MT 59802



*The information contained in this message is proprietary and/or confidential. If you are not the intended recipient, please: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately. In addition, please be aware that any message addressed to our domain is subject to archiving and review by persons other than the intended recipient. Thank you.*

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
DAVID H. BJORNSON (406)721-8896

**B. E-MAIL CONTACT AT FILER (optional)**
JILL@BJORNSONLAW.COM

**C. SEND ACKNOWLEDGMENT TO:  (Name and Address)**

BJORNSON LAW OFFICES
2809 GREAT NORTHERN LOOP #100
MISSOULA, MT 59808
US

Delaware Department of State
U.C.C. Filing Section
Filed: 02:12 PM 05/22/2020
U.C.C. Initial Filing No: 2020 3609866

Service Request No:  20204462519

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| HYPERBLOCK LLC | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |
| 1c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 120 ADELAIDE STREET WEST, SUITE 2210 | TORONTO | M5H 1T1 | CA |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |
| 2c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| | | | |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| BONNER PROPERTY DEVELOPMENT, LLC | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | |
| 3c. MAILING ADDRESS | CITY | STATE / POSTAL CODE | COUNTRY |
| 224 NORTH HIGGINS AVENUE | MISSOULA | MT / 59802 | US |

4. **COLLATERAL:** This financing statement covers the following collateral:
**Furniture, equipment, fixtures, computer servers, power supplies and other articles of personal property now or hereafter owned by Debtor; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of any such property.  EXCLUDING however, all computer servers owned by Debtor and located at 9144 Bonner Mill Road, Bonner, MT 59823, at the close of business December 31, 2019.**

5. Check only if applicable and check only one box. Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
BPD

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators

EXHIBIT 31.
PAGE 1

## <u>NOTICE OF DISPOSITION OF COLLATERAL BY PUBLIC SALE</u>

BY ELECTRONIC MAIL AND OVERNIGHT MAIL

To:    Hyperblock, LLC
        140 Yonge Street, #209
        Toronto, ON M5C 1X6
        Attention: Inder Saini
        inder@hyperblock.co

        Hyperblock, Inc.
        2 St. Claire Avenue East, Suite 1100
        Toronto, ON M4T 2T5
        Attention: Hans Rizarri
        hans.rizarri@crowesoberman.com

        Bank of Montana
        125 Bank Street, Suite 100
        Missoula, MT 59802
        Attention: Daniel Day
        dday@bankofmt.com

        Bonner Property Development, LLC
        224 N. Higgins Avenue
        Missoula, MT 59802
        Attention: Stephen Nelson
        bsmcorpmt@gmail.com

**PLEASE TAKE NOTICE THAT** Project Spokane, LLC ("<u>Project Spokane</u>") and Sean Walsh ("<u>Walsh</u>," together with Project Spokane, the "<u>Lenders</u>") will conduct a disposition of the below described collateral by public sale in accordance with the provisions of the New York Uniform Commercial Code Section 9-601, et. seq., as follows:

a)    **<u>Debtor</u>**:  The debtor is Hyperblock, LLC ("<u>Borrower</u>" or "<u>Hyperblock</u>").

b)    **<u>Secured Party</u>**:  The secured parties are Project Spokane and Walsh.

c)    **<u>Agreements Pursuant to Which the Sale is Held</u>**:

      i.    That Secured Promissory Note dated June 19, 2019, by and between Walsh, on the one hand, and Borrower and Hyperblock, Inc., on the other (the "<u>Walsh Note</u>").

      ii.    Security Agreement dated as of June 19, 2019, by and between Walsh and Borrower (the "<u>Walsh Security Agreement</u>").

EXHIBIT 31.
PAGE 2

iii.   That Secured Promissory Note dated July 10, 2018, by and between Project Spokane, on the one hand, and Borrower and Hyperblock, Inc., on the other, (the "<u>Project Spokane Note</u>").

iv.   Security Agreement dated as of February 1, 2019, by and between Project Spokane and Borrower (the "<u>Project Spokane Security Agreement</u>," together with the Walsh Note, Walsh Security Agreement, Project Spokane Note and all other agreements, instruments, and other documents executed in connection with or relating to the Walsh Note and Project Spokane Note, the "<u>Loan Documents</u>").

d)   **<u>Date, Hour and Place of Sale</u>**:   Telephonic auction to be held on June 3, 2020 at 12:00 p.m. Eastern.   Dial-in number: (712) 770-5027.   Access code: 315468.

e)   **<u>Description of Property to be Sold</u>**:   All of the Borrower's right, title and interest in and to Borrower's personal property including, without limitation, all of Borrower's equipment and fixtures (collectively, the "<u>Property</u>").   Lenders have a first priority security interest in the Property.   The total amount due to Project Spokane is approximately CAD$5,468,750.00 and the total amount due to Walsh is approximately US$2,187,500.00.   Project Spokane may bid for the Property and credit bid against all or a portion of its secured claim.   Together with Project Spokane, Walsh may bid for the Property and credit bid against all or a portion of his secured claim. **The Property will be sold free and clear of Lenders' liens and any subordinate security interests in the Property, including any lien of Bank of Montana and Bonner Property Development, LLC.**

The Property includes the assets set forth on Schedule "A" attached hereto.

f)   **<u>Participation Requirements</u>**:   In order to participate in the bidding process, each person (a "<u>Potential Bidder</u>") must deliver to the undersigned counsel to Lenders:

i.   an executed confidentiality agreement in form and substance satisfactory to Lenders, which form can be obtained by contacting undersigned counsel for Lenders; and

ii.   current financial statements of the Potential Bidder that will show sufficient assets to be able to close on a purchase of the Property or other evidence of the ability to purchase the Property.

g)   **<u>Information and Due Diligence</u>**:   A Potential Bidder that complies with the foregoing requirements shall be deemed a qualified bidder ("<u>Qualified Bidder</u>").   A Qualified Bidder will be permitted to perform due diligence by contacting the undersigned counsel for Lenders.   Lenders shall be deemed to be a Qualified Bidder.

h)   **<u>Terms of Sale</u>**:   At the Sale, the Property shall be offered for acquisition by Qualified Bidders.   The Property will be sold at a public auction to the highest Qualified Bidder. The Property shall be sold for cash at such price or prices and on such other commercially reasonable terms as Lenders may determine in their sole discretion.   Higher

EXHIBIT 31.
PAGE 3

bids will continue to be entertained until Lenders have determined that they have received the highest or best bid for the Property in their sole discretion.  Lenders shall be permitted to bid, both jointly or separately, at the sale and, notwithstanding any requirement herein that the sale of Property be for cash, may credit their bid against all or a portion of their secured claims and become the purchaser of the Property.  Lenders reserve the right to reject all bids and terminate the sale or adjourn the sale to such other time or times as they may deem proper only by announcement on the date of sale or any subsequent adjournment thereof without further publication and impose any other commercially reasonable conditions upon the sale of the Property as they may deem proper.  Payment will be accepted in cash, certified or cashier's check, corporate, partnership or personal check of a corporation, partnership or person and presented with a letter of reference from the bank on which the check is drawn, money order, or, in the case of purchase by Lenders, credits against amounts due under the Loan Documents.  Payment must be made in full at the time and place of the sale, or on such other terms as agreed by Lenders in their sole discretion.  The sale of the Property shall be effectuated by delivery of a Secured Party Bill of Sale.

i) **No Warranties**:  The Property will be sold "AS IS, WHERE IS," "WITH ALL FAULTS," and "WITHOUT ANY WARRANTIES WHATSOEVER, EXPRESSED OR IMPLIED, INCLUDING, WITHOUT LIMITATION, A WARRANTY OF MERCANTABILITY OR FITNESS FOR ANY PARTICULAR PURPOSE OR OTHER PURPOSE," and subject to taxes, special assessments and liens that have been levied or assessed, and/or are unpaid or unsatisfied (none of which will be paid by Lenders).  The Property is being sold without recourse to Lenders, their attorneys or representatives.  Lenders do not claim title to the Property being sold hereunder and disclaim any warranty of title, possession, quiet enjoyment and the like in the sale.

j) **No Fees Payable**: No person shall be entitled to any expense reimbursement, brokerage fee, break-up fee, topping, termination or similar fee or payout from the proceeds of the sale.

k) **Right to Accounting**:  Pursuant to the requirements of New York Uniform Commercial Code Section 9-613, Borrower and Hyperblock, Inc. shall be entitled to an accounting of the unpaid principal indebtedness secured by the Property.  An accounting may be requested by calling the undersigned counsel for Lenders.

l) **Right to Redeem**:  Until the earlier of (1) the effectuation of the public sale of the Property or (2) the execution of a contract for sale of the Property, Borrower shall have the right to redeem the Property by payment or fulfillment of all obligations under the Loan Documents, together with payment of all additional expenses incurred by Lenders.

EXHIBIT 31.
PAGE 4

m)   **<u>Postponement of Public Sale</u>**: The public sale scheduled on the above date, time and location may be postponed.  In such event, an announcement of postponement of the scheduled sale will be made by Lenders at the currently proposed date and time of the sale.


Dated:  May 19, 2020                          ITO LAW GROUP, P.C.


*Peter Ito*

_____
Peter W. Ito
1550 Larimer Street, Suite 667
Denver, CO 80202
hyperblockassets@gmail.com
(720) 281-5294

Attorneys for Project Spokane, LLC, and
Sean Walsh

EXHIBIT 31.
PAGE 5

# SCHEDULE "A"

EXHIBIT 31.
PAGE 6

| Item | Quantity | Notes |
|---|---|---|
| Bitmain Antminer S17 Servers, with PSU | 791 | including PSUs |
| Bitmain Antminer S17 Pro Servers, with PSU | 359 | including PSUs |
| Bitmain Antminer S17+ Servers, with PSU | 1493 | including PSUs |
| Bitmain Antminer S9 Servers, with PSU | 6641 | including PSUs |
| Bitmain Antminer T17 Servers, with PSU | 726 | including PSUs |
| Avalon921 Servers, with PSU | 162 | including PSUs |
| GPU Servers, with PSU | 161 | including PSUs |
| | | |
| Acme Engineering, 36" Fans | 423 | |
| Grainger/ACME Engineering 42" Fans | 30 | |
| ACME Engineering 60" Fans | 14 | |
| 2,500 kVA Indoor Switchgear Lineups | 8 | |
| 500 kVA Indoor Transformers | 55 | |
| 750 kVA Indoor Transformers | 3 | |
| Misc PDUs | 3124 | |
| 225A Breaker Panels | 339 | |
| 400A Breaker Panels | 6 | |
| Electrical Cabling | | enough to run 13,000 servers |
| Rack Shelving | | 560 racks, 8' wide, 9' tall |
| Computer Network Equipment | | enough to run 13,000 servers |
| New Delta 2400W PSU | 6374 | |
| Used Delta 2400W PSU | 374 | run for a couple months |
| Brand New Delta 2400W psu (with 10, 16" PCIe cables solder to it) | 1420 | |

EXHIBIT 32.
PAGE 1

# Tribal Power Co. Says Cryptocurrency Miner Owes $3.7M

*By [Morgan Conley](#)*

Law360 (May 28, 2020, 4:03 PM EDT) -- Two cryptocurrency mining companies and their founder racked up a $3.7 million tab powering their servers and haven't settled up, a tribal-owned power company has told a Montana federal court.

Tribal Power Co. Says Cryptocurrency Miner Owes $3.7M

Power company Energy Keepers Inc. accused Project Spokane LLC, Hyperblock LLC and their owner Sean Walsh on Wednesday of breaking the terms of their electric sales agreement.

Energy Keepers told the court that both mining operations worked out of the same facility just outside of Missoula, Montana, and owe more than $3.7 million for their power use. Not only have the companies not paid, but they are hiding assets to avoid being held accountable, Energy Keepers claims.

The power company, which is owned by the [Confederated Salish and Kootenai Tribes](#), says Walsh believed an inexpensive energy source was essential to build a thriving cryptocurrency mining operation. He was able to make his operations profitable due to the affordable, reliable energy provided to the companies by Energy Keepers, the power company says.

But then Walsh and his companies stopped paying, the power company alleges.

Energy Keepers told the court on Wednesday that the two cryptocurrency mining companies "are so intertwined" that they are essentially one and the same. The power company seeks a declaration that Walsh and Project Spokane are alter egos of Hyperblock under the energy agreement and owe the power company $3.7 million plus interest.

Project Spokane occupied the facility first and contracted with Energy Keepers for power beginning in 2016, and Hyperblock was founded the following year. Energy Keepers contends the two companies effectively merged into a single unit soon after.

[https://www.law360.com/commercialcontracts/articles/1277581/tribal-power-co-says-cryptocurrency-miner-owes-3-7m](https://www.law360.com/commercialcontracts/articles/1277581/tribal-power-co-says-cryptocurrency-miner-owes-3-7m)

EXHIBIT 32.
PAGE 2

Hyperblock purchased Project Spokane's assets for nearly $66 million in 2018, despite the company having roughly $11 million in assets and $6.6 million in liabilities at the time, according to the suit.

"Sean Walsh intentionally undercapitalized Hyperblock LLC to his own financial benefit," the suit says, going on to accuse him of "setting up Project Spokane LLC to siphon off all of the revenues generated by Hyperblock LLC to Walsh's own financial benefit, while using the companies as a shield to prevent EKI from collecting the amounts due to it under the [master electric sales agreement] and confirmation letters."

Energy Keepers cut off Hyberblock's electricity on May 14, and the mining company filed for bankruptcy the next day. An auction for Hyperblock's assets is scheduled for June. Walsh is set to bid on the assets up for grabs, according to the suit.

In a statement on May 14 announcing its shuttering, Hyperblock cited the terminated electricity agreement coupled with a recent Bitcoin halving, which sliced the reward given to miners for processing transactions in half, among the reasons the company could not continue.

Energy Keepers alleges that this isn't the first time Walsh has skipped out on a bill. The suit says that in 2008, Walsh founded a separate cryptocurrency mining operation called Aquifer International Commerce Inc. Aquifer filed for bankruptcy nine months into business and left rent and power bills unpaid, the power company alleges.

Representatives for the parties didn't immediately respond to requests for comment.

Energy Keepers is represented in-house by Daniel F. Decker and by Susan A. Shyne, Matthew A. Love, Anne E. Lynch and Sophia Amberson of Van Ness Feldman.

Counsel information for Walsh and his companies wasn't immediately available.

The suit is Energy Keepers Inc. v. Hyperblock LLC et al., case number 9:20-cv-00076, in the U.S. District Court for the District of Montana.

https://www.law360.com/commercialcontracts/articles/1277581/tribal-power-co-says-cryptocurrency-miner-owes-3-7m