James A. Patten
Daniel L. Snedigar
Patten, Peterman, Bekkedahl &
Green, PLLC
2817 Second Avenue North
P.O. Box 1239
Billings, Montana 59103-1239
Telephone:  (406) 252-8500
apatten@ppbglaw.com
dsnedigar@ppglaw.com

Attorneys for Defendants

Peter W. Ito (Admitted *pro hac vice*)
Ito Law Group, P.C.
1550 Larimer Street, Suite 667
Denver, CO 80202
Telephone: (720) 281-5294
peter@itolawgroup.com

Attorneys for Defendants

Quentin M. Rhoades
Robert Erickson
Rhoades, Siefert & Erickson PLLC
430 Ryman Street
Missoula, Montana 59802
Telephone: (406) 721-9700
qmr@montanalawyer.com
erickson@montanalawyer.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEVE NELSON, MICHAEL BOEHME and BONNER PROPERTY DEVELOPMENT, LLC,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>PROJECT SPOKANE LLC, AND SEAN WALSH, | Civ. No. 9:20-cv-00082-DWM<br><br>**JOINT MOTION FOR ORDER AUTHORIZING DEFENDANTS AND PLAINTIFFS TO ACCESS AND ENTER LEASED PREMISES TO TAKE POSSESSION OF THEIR COLLATERAL AND, THEREAFTER, EXERCISE** |

1

Defendants.

**THEIR RIGHTS AS SECURED CREDITORS TO DISPOSE OF SAID COLLATERAL**

**JOINT MOTION FOR ORDER AUTHORIZING DEFENDANTS AND PLAINTIFFS TO ACCESS AND ENTER LEASED PREMISES TO TAKE POSSESSION OF THEIR COLLATERAL AND, THEREAFTER, EXERCISE THEIR RIGHTS AS SECURED CREDITORS TO DISPOSE OF SAID COLLATERAL**

Defendants Project Spokane, LLC ("**Project Spokane**") and Sean Walsh ("**Mr. Walsh**," together with Project Spokane, the "**Defendants**") and Plaintiffs Steve Nelson ("**Mr. Nelson**"), Michael Boehme ("**Mr. Boehme**") and Bonner Property Development, LLC ("**BPD**," together with Mr. Nelson and Mr. Boehme, the "**Plaintiffs**") file this Joint Motion for Order Authorizing Defendants and Plaintiffs to Access and Enter Leased Premises to Take Possession of Their Collateral and, Thereafter, to Exercise Their Rights as Secured Creditors to Dispose of Said Collateral (the "**Motion**") and in support thereof state as follows:

## RELIEF REQUESTED

1.      Section 30-9A-609 of the Montana Annotated Code ("**MCA**") sets forth a secured party's right to take possession of collateral after default with either judicial assistance or, without judicial assistance, if the secured party proceeds without breach of the peace.

2.      As explained below, unable to take possession of their respective collateral without breaching the peace, Defendants and Plaintiffs seek an Order

from the Court that authorizes them to access and enter the Leased Premises (as defined below) so that they may take possession of their respective collateral and, thereafter, exercise their rights as secured creditors pursuant to Section 30-9A-610 of the MCA to dispose of said collateral.

## BACKGROUND

### A.    Settlement Conference

3.    The above-captioned case was referred by United States District Judge Donald W. Molloy to United States Magistrate Judge Kathleen L. DeSoto for the purpose of conducting a settlement conference (the "**Settlement Conference**").

4.    Pursuant to an Order issued by Judge DeSoto, the Settlement Conference was set for July 14, 2020.

5.    Plaintiffs and Defendants along with their counsel attended the Settlement Conference.  At the conclusion of the Settlement Conference, the parties had not reached a settlement.

6.    Since the conclusion of the Settlement Conference, the parties continued negotiations.  Those negotiations resulted in the parties reaching an agreement for settlement.

7.     As is set forth in further detail below, so they may implement their settlement, the parties request the Court's authorization to access and enter the premises leased by HyperBlock, LLC (the "**Leased Premises**").

## B.     Settlement Resolving Dispute Amongst the Parties

The parties have agreed to the following settlement:

Subject to the execution by Plaintiffs, on the one hand, and Defendants, on the other, of a settlement agreement containing standard terms and conditions, including the material terms and conditions set forth below, the parties agree as follows:

1. BPD/Nelson/Boehme shall release any and all right, title, claim and interest, whether legal or equitable, to all servers, including the 1493 servers, and will not challenge, block, obstruct or object to the foreclosure by Walsh/Project Spokane of their security interest in said servers;

2. Walsh/Project Spokane shall release any and all right, title, claim and interest, whether legal or equitable, to all property located on the premises owned by Bonner Property Development, excepting only the items specified in paragraph 1, above, and will not challenge, block, obstruct or object to the ownership and possession of said property and/or foreclosure by BPD/Nelson/Boehme of their security interest in said property; and Walsh/Project Spokane shall subordinate their interest to Bonner Property Development, in a written subordination agreement (in a form acceptable to Walsh/Project Spokane), in all property located on the premises owned by Bonner Property Development, excepting only the items specified in paragraph 1;

3. No later than seventy-two hours following (1) entry of a court order confirming Bonner Property Development's possession of the leased

4

premises or (2) Bonner Property Development's receipt of written permission from an authorized representative of HyperBlock, LLC granting Walsh/Project Spokane access to the leased premises (in a form acceptable to Bonner Property Development), BPD/Nelson/Boehme shall grant Walsh/Project Spokane and their representatives access to the property to commence the removal of the servers.  Said removal to be completed within a reasonable period of time.  At the latest, BPD will grant Walsh/Project Spokane access and entry to the leased premises no later than August 28, 2020 to take possession of the servers.  The Parties agree to use their best efforts to work together to gain access and entry into the Leased Premises prior to August 28, 2020, for purposes of taking possession of their respective collateral.

4.  Except for those obligations set forth in the settlement agreement, the Parties shall execute a mutual release of any and all claims, whether known or unknown, from the beginning of time through the date of execution of the settlement agreement;  and

5.  The Parties will each dismiss their respective lawsuits against one another with prejudice.

**C.    The Parties Will Suffer Significant Harm Without a Court Order Authorizing Them to Access and Enter the Leased Premises to Exercise Creditors' Rights**

8.      On June 23, 2020, BPD terminated the Lease pursuant to a Notice of Termination of Lease Agreement ("**Notice of Termination**") that was sent to HyperBlock, LLC, HyperBlock, Inc., its sole member, and James A. Bowditch, HyperBlock, LLC's registered agent.  A true and correct copy of the Notice of Termination is attached as Exhibit "1" to the Declaration of Robert Erickson submitted concurrently herewith.

9.      While BPD has terminated the Lease, BPD currently does not have legal possession of the Leased Premises.  In order to regain legal possession, BPD commenced on July 10, 2020, an unlawful detainer action against HyperBlock, LLC in the Fourth Judicial District Court of Montana, Missoula County.  Based on discussions with their counsel handling the unlawful detainer, Plaintiffs estimate that BPD will regain possession of the Leased Premises no later than August 28, 2020.

10.     If the parties are forced to wait until August 28, 2020 to gain access to and enter the Leased Premises to take possession of their collateral and, thereafter, dispose of said collateral, the parties will suffer significant harm and loss.

11.     Upon foreclosing[1] on the servers, Defendants intend to place them back into operation mining for Bitcoin or, alternatively, to sell them.  If the servers are put back to work mining for Bitcoin, Defendants believe they will generate, per current market conditions, approximately $15,000 a day in revenue and approximately $10,000 per day in profit after all operating costs, including electricity.  That represents $420,000 in lost profits Defendants believe they will

---

[1] With regard to those servers that were not subject to the Court's preliminary injunction issued on June 25, 2020, Defendants have conducted their auction and completed their foreclosure. They have not, however, been able to take possession of the foreclosed upon servers for the reasons set forth in this Motion.

6

suffer if they are forced to wait another forty-two (42) days or until August 28, 2020 to take possession of and, therefore, foreclose on the servers

12.     In addition, Bitcoin mining servers are highly specialized and become obsolete very quickly.  Defendants believe that the 1493 Servers purchased in January 2020 for approximately $2.6 million have a life span of around two and a half years and are expected to decline in value by more than $2,500 per day for the next year.  That represents a decline in value of $105,000 over the next forty-two (42) days.

13.     The remaining property on the Leased Premises, with the exception of the servers, is the property or collateral of Plaintiffs.

14.     In order to avoid harm, Defendants and Plaintiffs seek an order from the Court authorizing them to access and enter the Leased Premises pursuant to Section 90-9A-609 of the MCA so that they may take possession of their respective collateral and, thereafter, exercise their rights as secured parties pursuant to Section 90-9A-610 of the MCA.

**D.     Obtaining the Consent of HyperBlock, LLC to Access and Enter the Leased Premises is Not Expected**

15.     HyperBlock, LLC is still in legal possession of the Leased Premises. Therefore, HyperBlock, LLC could, theoretically, provide its consent to authorize Defendants and Plaintiffs to access and enter the Leased Premises for purposes of

7

exercising their rights as secured creditors.  HyperBlock has not at this time provided its consent.

16.     HyperBlock, LLC is no longer operating.  HyperBlock, Inc., HyperBlock, LLC's parent company, is currently in bankruptcy proceedings in Canada.

17.     On May 28, 2020, Energy Keepers, Inc. ("**Energy Keepers**") commenced an action against HyperBlock, LLC in this Court as Case No. 9:20-cv-00076-DWM.  After it failed to answer or respond, Energy Keepers obtained a default judgment against HyperBlock, LLC.

18.     Obtaining the consent of HyperBlock, LLC to access and enter the Leased Premises is not expected.

## A SECURED PARTY HAS THE RIGHT TO TAKE POSSESSION OF COLLATERAL AFTER DEFAULT

19.     Section 30-9A-609 of the MCA sets forth a secured party's right to take possession of collateral after default with either judicial assistance or, without judicial assistance, if the secured creditor proceeds without breach of the peace.

20.     Specifically, Section 30-9A-609, provides, in relevant part, as follows:

(1)     After default, a secured party:

(a)     may take possession of the collateral; and

8

   (b) without removal, may render the equipment unusable and dispose of collateral on a debtor's premises under 30-9A-610.

  (2) A secured party may proceed under subsection (1):

   (a) pursuant to judicial process; or

   (b) without judicial process, if it proceeds without breach of the peace.

21. With regard to proceeding without judicial process, the Montana Supreme Court has stated "that to avoid breaching the peace, '[t]he general rule is that the creditor cannot utilize force or threats, cannot enter the debtor's residence without consent, and cannot seize any property over the debtor's objection.'" *Martin v. Dorn Equipment Company*, 250 Mont. 422, 427 (1991).

22. As noted, the parties are unable to obtain the consent of HyperBlock, LLC to access and enter the Leased Premises.  Unable to take possession without breaching the peace, the parties seek the Court's authorization to allow them to access and enter the Leased Premises so that they may take possession of their collateral and, thereafter, exercise their rights as secured parties pursuant to Section 30-9A-610, which sets for the process by which a secured party, after default, may dispose of collateral.

## NOTICE TO HYPERBLOCK, LLC

23.     According to the Montana Secretary of State, HyperBlock, LLC's registered agent for service of process in Montana is James A. Bowditch, P.O. Box 9199, Missoula, Montana 59807.  Defendants shall serve this Motion on: (i) Mr. Bowditch as registered agent for HyperBlock, LLC; (ii) Hans Rizarri, the bankruptcy trustee for HyperBlock, Inc. in Canada; and (iii) Inder Saini, the former chief financial officer for HyperBlock, LLC.

24.     If granted, the proposed Order granting the Motion will be served on these same individuals by Defendants.  The proposed Order will state, among other things, that HyperBlock, LLC shall have seven (7) days from service of the Order to intervene in the above-captioned case pursuant to Fed. R. Civ. P. 24(a)(2) and that the failure to timely intervene shall be deemed a waiver of objection to the relief requested in the Motion.

## CONCLUSION

WHEREFORE, Defendants and Plaintiffs respectfully request the Court enter an Order (i) granting the Motion, (ii) providing HyperBlock, LLC with seven (7) days as measured from date of service on its registered agent of the Order to intervene in this action pursuant to Fed.R.Civ.P. 24(a)(2) if it objects to the relief requested in the Motion; (iii) if HyperBlock, LLC fails to timely intervene

10

authorizing Defendants and Plaintiffs along with their representatives to access and

enter the Leased Premises pursuant to Section 30-9A-609 of the MCA so that they

may take possession of their collateral and, thereafter, exercise their rights as

secured creditors pursuant to Section 30-9A-610 of the MCA; and (iv) for such

other and further relief that the Court deems just and proper.

     Dated this 17th day of July 2020.

James A. Patten
Patten, Peterman, Bekkedahl & Green
2817 Second Ave. North, Suite 300
Billings, Montana 59101

By:   /s/ JA Patten
     **JAMES A. PATTEN**
     Attorneys for Defendants


Peter W. Ito (Admitted *Pro Hac Vice*)
**ITO LAW GROUP, P.C.**
1550 Larimer Street, Suite 667
Denver, CO 80202

By:   /s/ Peter W. Ito
     **PETER W. ITO**
     Attorneys for Defendants

11

Quentin M. Rhoades
Robert Erickson
Rhoades, Siefert & Erickson PLLC
430 Ryman Street
Missoula, Montana 59802

By:    /s/ Robert Erickson
          **ROBERT ERICKSON**
          Attorneys for Plaintiffs